35 F.3d 400
 30 Fed.R.Serv.3d 360
 Douglas Gary HOUSLEY, Plaintiff-Appellant,
v.
UNITED STATES of America, John C. Lawn, individually and as
director of the Drug Enforcement Administration, William
Webster, individually and as director of the Federal Bureau
of Investigation, David Paull, L. Anthony White, Other
Agents of the Department of Justice Yet Unknown, Defendants-Appellees.
 No. 93-15446.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 13, 1994*.
Decided Sept. 7, 1994.
 
 Appeal from the United States District Court for the District of Nevada.
 Douglas Gary Housley, pro se.
 Greg Addington, Asst. U.S. Atty., Reno, NV, for defendants-appellees.
 Before: GOODWIN, NORRIS, and O'SCANNLAIN, Circuit Judges.
 WILLIAM A. NORRIS, Circuit Judge:
 
 
 1
 Plaintiff Housley, an incarcerated pro se, claims that defendants violated his statutory and constitutional rights by performing illegal searches and unauthorized electronic surveillance. In his complaint, Housley alleged multiple counts sounding in state law, federal constitutional law,[1] and federal statutory law.[2] He named as defendants the United States, and the following persons in their individual and official capacities: John Lawn (Director of the Drug Enforcement Agency), William Webster (Director of the Federal Bureau of Investigation), David Paull (DEA agent), and Anthony White (Assistant United States Attorney). The district court dismissed Housley's complaint for failure to state a claim because it did not satisfy a heightened pleading standard.
 
 
 2
 The traditional standard for a Federal Rule of Civil Procedure 12(b)(6) motion is that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). See also Buckley v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied sub nom., Manhattan Beach v. Buckey, --- U.S. ----, 113 S.Ct. 599, 121 L.Ed.2d 536 (1992). Defendants contend that instead of this traditional standard, we should apply the heightened pleading standard of Branch v. Tunnell, 937 F.2d 1382 (9th Cir.1991) (Branch I ).
 
 
 3
 In Branch I, we reviewed a dismissal of a Bivens action on the basis of qualified immunity. We held that when subjective intent is an element of the constitutional tort action and qualified immunity is plead, the plaintiff is subject to a heightened pleading standard which requires nonconclusory allegations setting forth specific evidence of unlawful intent. See Branch I, 937 F.2d at 1386. We recently reaffirmed this holding in Branch v. Tunnell, 14 F.3d 449 (9th Cir.1994) (Branch II ).[3]
 
 
 4
 The heightened pleading requirement of Branch I, however, does not apply to Housley's complaint because defendants' subjective intent is not an element of his Bivens claim. Branch I dealt with an allegation that a prosecutor deliberately or recklessly misled a magistrate judge in order to obtain a search warrant. We held that because such claims of judicial deception have as an essential element the subjective intent of the defendant, they must satisfy the heightened pleading standard. See Mendocino Envtl. Ctr. v. Mendocino County, 14 F.3d 457, 462 (9th Cir.1994). But the constitutional violation that Housley pleads does not involve subjective elements. He simply claims that defendants violated his Fourth Amendment rights by conducting illegal searches and surveillance.
 
 
 5
 Recently, we held that a claim of false arrest need not satisfy the heightened pleading standard. In Mendocino Environmental Center, we explained that because "the principal focus in an unlawful arrest case is on the objective reasonableness of the officer's probable cause determination," the traditional 12(b)(6) standard was appropriate. Id. at 462. The same traditional standard applies to Housley's Bivens claim. Housley is not claiming that defendants deceived a judicial officer to obtain an invalid search warrant. To the contrary, Housley claims that defendants searched and conducted surveillance on his property without any warrant whatsoever.
 
 
 6
 In sum, Housley's complaint should not have been held up to the heightened pleading requirement, and the district court erred in dismissing the complaint on that basis.[4] The district court's judgment dismissing Housley's complaint is VACATED, and the cause is REMANDED for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 [1]
 Housley asserted a Bivens claim based on Fourth Amendment violations. See Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [2]
 Housley asserted that defendants violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. Secs. 2510-2520
 
 
 [3]
 In Branch II, we reconsidered Branch I in light of Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, --- U.S. ----, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), which held that a federal court may not apply a heightened pleading standard to a complaint alleging municipal liability under 42 U.S.C. Sec. 1983. We explained in Branch II that "[b]ecause the Court in Leatherman expressly stated it was not deciding whether federal courts may employ a heightened pleading standard in qualified immunity cases, we are bound by our holding in Branch I." Branch II, 14 F.3d at 451
 
 
 [4]
 We address the other issues presented on appeal in a companion memorandum disposition pursuant to Ninth Circuit Rule 36-3