46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Grace SHINS, and Asha Shins, a minor, Plaintiffs-Appellants,
v.
LAYTONVILLE UNIFIED SCHOOL DISTRICT; Brian Buckley;
Richard Matlock; Karen Loyster; Suzanne Beers; Mark
O'Neil; Lynn Robertson; Josef Knight; Thomas W. Evans;
Marbry Sipila; John Sipila; Ann O'Neill; Will Emerson;
Kitty Emerson; Beth Pfaff; Margarite Maguire; Al Maguire;
Mark Incuaniello; and John Pfaff, Defendants-Appellees.
 No. 93-16096.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1994.
Decided Feb. 8, 1995.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Grace Shins and her daughter, Asha Shins, brought this action pro se against various employees of the Laytonville Unified School District and the Wellspring Educational Cooperative for alleged constitutional violations. The district court entered an order dismissing all defendants for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). The dismissal was also based on the grounds of qualified immunity and failure to file within the relevant statute of limitations period. We have jurisdiction over this timely appeal under 28 U.S.C. Sec. 1291. We affirm in part, reverse in part, and remand.
 
 
 2
 We review a dismissal for failure to state a claim pursuant to Rule 12(b)(6) de novo. Everest and Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). Our review is limited to the contents of the complaint. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A dismissal based on the statute of limitations is also reviewed de novo. Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1993). We also review de novo whether qualified immunity bars the Shins' claims. Maraziti v. First Interstate Bank of California, 953 F.2d 520, 522-23 (9th Cir.1992) (Maraziti ).
 
 
 3
 * The Shins allege several violations of constitutional rights by individuals in their capacity as private citizens. Because Wellspring Educational Cooperative was a privately run school, and those who worked there were private citizens, the Shins have not alleged any "state action" on their part sufficient to state a claim against them in federal court. The district court's order with respect to these individuals and Wellspring Educational Cooperative is therefore affirmed.
 
 II
 
 4
 The Shins have also alleged constitutional violations stemming from the actions of public school officials and employees. These individuals are subject to suit as state actors. "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color or state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Soranno's Gasco v. Morgan, 874 F.2d 1310, 1313-14 (9th Cir.1989) (Morgan ), quoting Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). Section 1985(3) provides that "[i]f two or more persons ... conspire ... for the purpose of depriving, either directly or indirectly, any person ... of the equal protection of the laws ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. Sec. 1985(3).
 
 
 5
 At various points, the Shins allege that "in retaliation for plaintiff Grace Shins' lawful exercise of her constitutional right to free speech, plaintiff Grace Shins was forced to drive or walk Asha Shins ... all the way to the town of Laytonville in order for her to attend school." They also allege that because Grace complained to school officials Buckley and Matlock regarding other children crossing her land to get to the private Wellspring School--which apparently was also the site of the public contract teaching program established by Laytonville School District--these individuals "conspired" to "deprive[ ] [Asha] of her constitutional right to an education in the State of California in the Laytonville Unified School District as an eligible student under the Bell Springs Contract Teaching Program" and further "conspir[ed] to prevent plaintiff minor Asha Shins from receiving equal educational opportunities with other children within her appropriate school district." The Shins also allege that Laytonville School District "refuse[d] to provide the same teaching services to Asha Shins as are provided to other eligible students who live in or near Bell Springs within the Laytonville Unified School District and [who receive contract teaching services]." On the face of the complaint, taking the allegations as true, the Shins have stated a claim.
 
 
 6
 But two obstacles still stand in the way of the Shins' complaint. The first is the statute of limitations. The second is the argument by the Laytonville officials that they are entitled to qualified immunity in this case. We examine each of these claims in turn.
 
 III
 
 7
 The applicable statute of limitations period for actions brought in California under either section 1983 or 1985 is one year. See Cal.Civ.Proc.Code Sec. 340(3) (1993); McDougal v. County of Imperial, 942 F.2d 668, 672-73 (9th Cir.1991). Because the Shins filed their complaint on July 27, 1992, their claim must be for damages occurring after July 27, 1991.
 
 
 8
 It is conceded that at least one of the Shins' claims falls within the statute of limitations period. The complaint specifically alleges that in September 1991, as a direct result of complaints to Mark Iacuaniello and Richard Matlock, these individuals and Brian Buckley excluded Asha from educational opportunities that she was entitled to receive. September 1991 is within the statute of limitations period.
 
 
 9
 The district judge did not consider this act as separate from the rest of the acts alleged in the complaint. But excluding Asha from educational opportunities in 1991 is a separate act, even if Asha was also excluded from educational opportunities prior to 1991. This is not just a continuing harm; the Shins allege that the September 1991 deprivation was a direct result of Grace's complaints. This claim can therefore go forward.
 
 
 10
 The district judge also concluded that no applicable tolling provisions allowed the earlier acts of the public school officials to be adjudicated. "We look to state law to determine the application of tolling doctrines." Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, 498 U.S. 1082 (1991), citing Board of Regents v. Tomanio, 446 U.S. 478, 486-87 (1980). In California, the "continuing violation" doctrine tolls a complaint "if any of the discretionary practices continues into the limitations period." Accardi v. Superior Court, 17 Cal.App.4th 341, 349 (1993) (emphasis in original).
 
 
 11
 Because the Shins have alleged a violation of constitutional rights within the limitations period, Accardi might serve to allow the school district's entire course of conduct against the Shins to be adjudicated. The district judge may consider this on remand and determine whether an amendment should be allowed. For our purposes, we need not decide this question, because the Shins' claim based on the September 1991 act is sufficient to allow the district court to treat the complaint as a series of alleged acts that culminated in the September 1991 removal of Asha from the independent teaching program. "[A]llegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). If viewed as a single claim, there would be no need to consider the tolling question.
 
 
 12
 As the complaint now stands, we agree that the alleged prior separate acts that were not alleged to have affected Asha's educational opportunities, and hence completely independent of the September 1991 claim, are time-barred. Thus, the Shins' allegations that certain individuals grabbed Asha's throat in May 1990, are time-barred. However, the allegations that are part of the conduct surrounding the Laytonville officials' denial of Asha's teaching services, and the damages flowing from those actions, are properly considered within the scope of the timely claim.
 
 IV
 
 13
 The district court also concluded that qualified immunity bars the Shins' claim. The Shins' allegations must meet a heightened pleading standard. "Generalized allegations of constitutional violations ... are insufficient to rebut an official's assertion of a qualified immunity defense." Maraziti, 953 F.2d at 524. In addition, "[t]he right the official is alleged to have violated must have been 'clearly established'.... The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id., quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987). We now look at these two issues.
 
 
 14
 In Branch v. Tunnell, 14 F.3d 449 (9th Cir.), cert. denied, 114 S.Ct. 2704 (1994), we reaffirmed the rule that when one element of a plaintiff's complaint involves showing subjective intent, "some form of a heightened pleading standard in qualified immunity cases" is appropriate. Id. at 456. Although we have never squarely decided whether the Branch standard applies to pro se litigants, caselaw has suggested that this is so. See Housley v. United States, 35 F.3d 400, 401 (9th Cir.1994) (Branch standard did not apply to pro se litigant only because the claim involved did not require proof of subjective intent).
 
 
 15
 However, we need not decide if pro se litigants are entitled to a lesser pleading standard, because the Shins' complaint meets the heightened Branch standard. When examining the Shins' complaint as a whole, it is clear that they allege very specific actions that both Grace and the school district took. Grace has stated that the school district retaliated against Asha when Grace exercised her First Amendment rights. They also specifically evoked the First and Fourteenth Amendments in their complaint. They were specific about dates. They were specific about what individuals Grace spoke with and about how they responded to her. They were specific about what redress they seek. The Branch standard is meant to allow for the dismissal of insubstantial suits prior to discovery. It does not act as a substitute for summary judgment. We conclude that examining their complaint as a whole, the Shins satisfy the Branch pleading standard.
 
 
 16
 Our inquiry, then, focuses on whether they have alleged any deprivation of a clearly established right. If the Shins can show that other similarly situated children received contract teaching services, and those services were arbitrarily denied to Asha, then the Fourteenth Amendment would be implicated. The Shins also allege that Asha was denied contract teaching services in retaliation for the exercise of Grace's constitutionally protected free speech rights. If the Shins "can establish that the decision [to expel Asha] was made because of [Grace's] exercise of constitutionally protected rights [of criticism] ... a first amendment violation [is established], and [they] are entitled to relief under section 1983." Morgan, 874 F.2d at 1314. "It could hardly be disputed that at the time of the [alleged wrong] an individual had a clearly established right to be free of intentional retaliation by government officials based upon that individual's constitutionally protected expression." Id. at 1319.
 
 
 17
 We conclude that the Shins have stated a claim for the deprivation of a clearly established constitutional right. The school district officials argue that they had discretion to cancel Asha's contract teaching services. That may be so. But the inquiry is not whether the officials could have cancelled Asha's services, but rather whether they would have done so absent Grace's complaints. Id. at 1315 (a showing that defendants could have acted in the way they did is insufficient to support even summary judgment in a case where a plaintiff alleges retaliation for the exercise of constitutionally protected rights). At this stage of the proceedings, the Shins' complaint cannot be dismissed.
 
 
 18
 On remand, the district court shall consider proper representation for Asha Shins. See Fechter v. Shiroky, No. 94-16047, slip op. 517 (9th Cir. Jan. 13, 1995); 28 U.S.C. Sec. 1915(d).
 
 
 19
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 20
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.