Greg Allan MORGAN, Plaintiff—
Appellant,

v.

UNITED STATES of America; William Cohen, Former Secretary of Defense; United States Air Force; Richard Reynolds, General; Edward De Iulio, Colonel; Neil Rader, Colonel; C. Eric Broughton, Master Sergeant; Kenneth Erichsen, Master Sergeant; Eric Goodson, Airman, Defendants—Appellees.

No. 01–55471.
D.C. No. CV–00–5221–RSWL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2002.

Decided March 18, 2003.

Before T.G. NELSON, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM *

Greg Morgan, a civilian employed as an air traffic controller by the Federal Aviation Administration on Edwards Air Force Base (the "Base"), appeals the district court's Rule 12(b)(6) dismissal of his 42 U.S.C. § 1983 claims alleging that federal officers, their supervisors, and governmental entities violated his Fourth Amendment rights by searching his vehicle at the entry gate to the Base.[1] Morgan also asserts a Federal Torts Claim Act violation, appeals the district court's order dismissing his federal and state eavesdropping claims, and contends the district court erred in sanctioning his counsel.

We affirm the district court in every respect, except with regard to the court's dismissal of the *Bivens* claim.[2]

I

■ Morgan asserts in his brief that Master Sergeant C. Eric Broughton was acting under color of state law as an off-duty California peace officer when Broughton arrested Morgan and allegedly violated Morgan's constitutional rights, thereby giving rise to a claim based on 42 U.S.C. § 1983.[3] Yet, Morgan's Complaint alleged only that Broughton "was and is at all times relevant herein, a member and/or employee of Defendant AIR FORCE, of Edwards Air Force Base." The Complaint never alleged Broughton's status as both a federal and local employee. Consequently, Morgan's Complaint failed to state a cause of action under section 1983, which requires action under the color of state law. Accordingly, the district court did not abuse its discretion in denying Morgan's motion for "reconsideration" of this issue. *See Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000).

■ Similarly, Morgan's allegation on appeal that Broughton conspired or acted in concert with state officials to deprive Morgan of his civil rights is without merit.[4] Federal officers acting within the course and scope of their Base security duties initiated the law enforcement activities at issue. The federal officers notified the Kern County Sheriff's Department that Morgan needed to be taken into custody for booking. Because the county officers were acting at the bequest of federal agents, if they were acting jointly, it was under federal law. *See Billings v. United States,* 57 F.3d 797, 801 (9th Cir.1995). Section 1983 does not provide a cause of action against federal officers acting under color of federal law. *See id.* The district

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Morgan failed to properly present his 42 U.S.C. § 1985(1) & (3) claims on appeal. Both claims are therefore deemed waived. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404–05 (9th Cir.1985).

2. We reverse the dismissal of Morgan's *Bivens* claim in a separate published opinion filed today.

3. Contrary to the government's contention, Morgan raised this issue in his motion for reconsideration, and thus it has not been waived. *See Whittaker Corp. v. Execuair Corp.,* 953 F.2d 510, 515 (9th Cir.1992).

4. While Morgan's Complaint names defendants Broughton, Erichsen, and Goodson in connection to this claim, Morgan's appeal implicates only Broughton.

court properly dismissed this portion of Morgan's civil rights claim.

## II

Morgan claims that his arrest gives rise to a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). This claim was not raised in the Complaint and is presented for the first time on appeal. It is waived and we do not consider it. *See Harden v. Roadway Package Sys., Inc.*, 249 F.3d 1137, 1141 (9th Cir.2001).

## III

Morgan contends that Broughton violated 18 U.S.C. § 2511 and California Penal Code § 632 when Broughton tape-recorded Morgan's conversation with the federal officers. Pursuant to section 2511(2)(c) & (d), Broughton could lawfully intercept the oral communication because he was a party to the communication he recorded. Thus, no "eavesdropping" occurred within the meaning of section 2511. *Cf. Lopez v. United States*, 373 U.S. 427, 439, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963) (holding, in the Fourth Amendment context, that the use of recording device was not eavesdropping because the govern-ment agent was a party to the conversation).

We also affirm the dismissal of Morgan's claim based on California Penal Code § 632. That statute specifically allows the recording of public conversations that may be reasonably expected to be overheard. Cal.Penal Code § 632(c). Morgan's Complaint alleges a conversation in a public area that would be reasonably expected to be overheard.

## IV

Morgan claims the district court erred by awarding costs and fees incurred by the government in opposing the frivolous Rule 11 motion filed by his attorney. The evidence supports the district court's imposition of fees and costs under Rule 11(c)(1)(A). There was no abuse of discretion. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126, 1131–32 (9th Cir.2002).

**AFFIRMED** in Part; **REVERSED** in Part; and **REMANDED**.