323 F.3d 776
 Greg Allan MORGAN, Plaintiff-Appellant,
v.
UNITED STATES of America; William Cohen, Former Secretary of Defense; United States Air Force; Richard Reynolds, General; Edward De Iulio, Colonel; Neil Rader, Colonel; C. Eric Broughton, Master Sergeant; Kenneth Erichsen, Master Sergeant; Eric Goodson, Airman, Defendants-Appellees.
 No. 01-55471.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 6, 2002.
 Filed March 18, 2003.
 
 COPYRIGHT MATERIAL OMITTED Melbourne B. Weddle and Sue Ann Howard, Law Offices of Melbourne B. Weddle, Santa Barbara, CA, for the appellant.
 Leon W. Weidman, John E. Nordin II, and Sara R. Robinson, United States Attorney's Office, for the appellee.
 Appeal from the United States District Court for the Central District of California; Ronald S.W. Lew, District Judge, Presiding. D.C. No. CV-00-5221-RSWL.
 Before T.G. NELSON, PAEZ, and TALLMAN, Circuit Judges.
 OPINION
 TALLMAN, Circuit Judge.
 
 
 1
 As a matter of first impression in this Circuit, we must decide when a search conducted at the entry gate to a military base is reasonable. Because such installations often warn of the possibility of search as a condition to entry, a warrantless search of a person seeking to enter a military base may be deemed reasonable based on the implied consent of the person searched. We remand to the district court to allow the development of a more complete factual record to determine whether implied consent was present here.
 
 
 2
 Greg Morgan was a civilian air traffic controller employed by the Federal Aviation Administration ("FAA") on Edwards Air Force Base (the "Base") in Kern County, California. Morgan alleges that on May 16, 1999, federal officers violated Morgan's Fourth Amendment rights when they conducted a suspicionless search of his vehicle at the entry gate to the Base. Morgan brought a Bivens claim, which the district court dismissed pursuant to Fed.R.Civ.P. 12(b)(6). The district court based its dismissal on the closed nature of the active military Base,[1] but Morgan's Complaint contains no allegations as to the status of the installation. We hold that the district court could not dismiss Morgan's Bivens claim on the record then before it. We remand Morgan's claim so that the trial court may properly consider on a fully developed factual record whether he impliedly consented to the search. We affirm in a separately filed memorandum disposition the district court's rulings dismissing all other claims brought by Morgan.[2]
 
 
 3
 * Morgan's Complaint alleges the following facts, which we regard as true, making all reasonable inferences in favor of Morgan. See Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir.2001). Morgan is a civilian employed by the FAA at the Base. He drove his wife's 1998 Jeep Cherokee to work on the morning of May 16, 1999. As was occasionally required, Morgan displayed his FAA identification badge at the entry gate to the Base. Instead of allowing Morgan to continue through the entry gate, however, Airman Eric Goodson, a Base security officer, instructed Morgan to stop his car on the side of the road. Morgan complied. Reading from a script on a clipboard, Goodson informed Morgan that he wished to search Morgan's vehicle and asked Morgan if he would consent to a vehicle search. Morgan refused, explaining that he did not want to be late for work.
 
 
 4
 Two other officers, Master Sergeants C. Eric Broughton and Kenneth Erichsen, then conferred with Goodson at the rear of Morgan's car. Broughton asked for Morgan's vehicle registration, driver's license, and insurance papers. All three officers then returned to the rear of the vehicle. Morgan concluded that he was going to be late for work. He got out of his car and walked toward the guard shack to telephone his employer. Broughton ordered Morgan to get back in his vehicle. Morgan asked if he was under arrest, to which Broughton responded, "No." Broughton then yelled, "Cover me." Erichsen and Goodson grasped the handles of their firearms, and Broughton handcuffed Morgan.
 
 
 5
 Broughton informed Morgan that he was not free to leave the location or move about freely. Broughton searched Morgan's person and emptied the contents of Morgan's pockets. The three officers subsequently searched Morgan's Jeep and discovered an unloaded nine-millimeter semi-automatic pistol. Morgan was placed in a small locked room until the Kern County Sheriff's Department transported him to a local jail.
 
 
 6
 Morgan alleges that he was never informed of his constitutional rights or the charges against him, and was not provided with an attorney upon his request.
 
 
 7
 Ultimately, Morgan was charged under California Penal Code §§ 148(a) (resisting, delaying, or obstructing an officer), 12025(a) (carrying a concealed firearm), 12031(a) (carrying a loaded firearm), and California Vehicle Code § 14601.1(a) (driving when one's driving privilege is suspended or revoked). Although Morgan was prosecuted for the Penal Code violations, a Kern County Municipal Court commissioner later determined that there was no probable cause to search Morgan's vehicle or to initiate criminal proceedings against him. All state charges were subsequently dismissed.
 
 
 8
 Morgan then filed a civil rights action in the United States District Court for the Central District of California alleging twenty-five causes of action against the United States of America, the Department of Defense, the United States Air Force, Secretary of Defense William Cohen, Major General Richard Reynolds, Colonel Edward De Iulio, Lieutenant Colonel Neil Rader, Broughton, Erichsen, and Goodson.
 
 
 9
 The defendants moved to dismiss pursuant to Rule 12(b)(6). Facts not alleged in the Complaint were asserted in the motion papers, including an accompanying declaration from an Air Force officer. After the district court heard oral argument from both parties, it dismissed all claims with prejudice. Morgan subsequently moved for reconsideration, attaching his own lengthy declaration of the factual events. The district court denied Morgan's motion for reconsideration.
 
 II
 
 10
 Morgan seeks damages pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), arguing that appellees violated his constitutional rights under the Fourth Amendment.[3]
 
 
 11
 Morgan claims the district court erred in dismissing his Bivens claim when it held that probable cause was not required to stop, search, and seize his vehicle on a closed military installation. We review the district court's dismissal of Morgan's action de novo. See Vestar Dev. II, LLC v. General Dynamics Corp., 249 F.3d 958, 960 (9th Cir.2001).
 
 
 12
 * The United States, relying on Branch v. Tunnell, 937 F.2d 1382 (9th Cir.1991), maintains that a heightened pleading standard should be applied in this case because the government asserted the defense of qualified immunity before the district court. Branch required application of a heightened pleading standard for complaints in which subjective intent is an element of the constitutional tort. See Housley v. United States, 35 F.3d 400, 401 (9th Cir.1994). The government's argument is foreclosed by our recent decision in Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir.2002). In Galbraith, we overruled Branch on the basis of intervening Supreme Court precedent. Id. at 1125. Heightened pleading standards no longer apply to constitutional claims involving improper motives. The traditional Rule 12(b)(6) standards govern our analysis of Morgan's Complaint.
 
 B
 
 13
 Morgan's Complaint sufficiently sets forth the elements of a Bivens claim by alleging a violation of his constitutional rights by agents acting under the color of federal law. Morgan alleges that his car was unreasonably searched in violation of the Fourth Amendment. Morgan also alleges that the defendants were acting under the color of federal law at the time of the search. Further, nothing in Morgan's Complaint admits of probable cause to conduct the search. Thus, dismissal under Rule 12(b)(6) was inappropriate.
 
 C
 
 14
 But that does not end our inquiry. Because we are remanding this case to the district court for further development of the factual record to determine the propriety of dismissal, we consider under what circumstances the search of Morgan's car would satisfy the requirements of the Fourth Amendment. All of Morgan's Bivens claims depend upon the search's failure to comply with the Fourth Amendment.
 
 
 15
 The fundamental principle "of the Fourth Amendment[4] is reasonableness. The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." Florida v. Jimeno, 500 U.S. 248, 250, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) (footnote inserted and internal citation omitted). A search "conducted without a warrant is `per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well delineated exceptions.'" United States v. Hawkins, 249 F.3d 867, 872(9th Cir.2001) (quoting Minnesota v. Dickerson, 508 U.S. 366, 372, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)). And "[w]hile the Fourth Amendment generally prohibits warrantless searches without probable cause, it is subject to a few narrow" exceptions. United States v. Molina-Tarazon, 279 F.3d 709, 712 (9th Cir. 2002). However, even where an exception to the probable cause rule is appropriate, the "irreducible constitutional requirement of reasonableness" still applies. Id.
 
 
 16
 A search not supported by probable cause may still be reasonable if the subject of the search consents to it. Jimeno, 500 U.S. at 252, 111 S.Ct. 1801. Such consent may be express or implied. Torbet v. United Airlines, Inc., 298 F.3d 1087, 1089(9th Cir.2002). Our sister circuits have applied the implied consent exception to the probable cause requirement in the context of searches on military bases. In United States v. Ellis, 547 F.2d 863 (5th Cir.1977), the Fifth Circuit considered a challenge to a search of a vehicle on a Naval Air Station. The Ellis court assumed that there was no probable cause for the search. Id. at 866. Even so, the court concluded that the search was reasonable because the defendant impliedly consented to have his car searched. Id. The Fifth Circuit stated that the defendant "certainly should have realized that his actions in presenting his vehicle to the guard at the entrance to the Air Station with an implied request to drive aboard carried the possibility of an inspection then and there." Id. The Fifth Circuit approved the search, holding that the "right to make a search pursuant to such consent does not turn on the presence of probable cause." Id.
 
 
 17
 The Fourth Circuit also examined the Fourth Amendment's application on military bases. In United States v. Jenkins, 986 F.2d 76 (4th Cir.1993), the defendant argued that a search conducted on Andrews Air Force Base was without probable cause and therefore in violation of the Fourth Amendment. Id. at 78. The district court agreed with the defendant and suppressed the evidence seized during a search of the defendant's car. Id. The government appealed the district court's holding, arguing "that the district court erred by not recognizing an `implied consent' exception to the requirement of probable cause for closed military bases." Id.
 
 
 18
 The Fourth Circuit agreed with the government and reversed. The court initially noted that "searches on closed military bases have long been exempt from the usual Fourth Amendment requirement of probable cause. The rationale is the same for why the base is closed in the first place: to protect a military installation that is vital to national security." Id. (citations omitted). The court then specifically approved the government's argument that implied consent could obviate the probable cause requirement. The court held that:
 
 
 19
 [T]he validity of [the defendant's] search [did not] turn on whether he gave his express consent to search as a condition of entering the base. Consent is implied by the totality of all the circumstances. The barbed-wire fence, the security guards at the gate, the sign warning of the possibility of search, and a civilian's common-sense awareness of the nature of a military base — all these circumstances combine to puncture any reasonable expectations of privacy for a civilian who enters a closed military base.
 
 
 20
 Id. at 79 (internal quotation marks and citation omitted).
 
 
 21
 We also have previously recognized the implied consent exception to the probable cause requirement, although not in the context of searches on military installations. In Torbet, an airline passenger filed a 42 U.S.C. § 1983 action alleging that he was subjected to a suspicionless search. 298 F.3d at 1088. We held that an airline passenger "impliedly consented to the random search by placing his bag on the x-ray conveyor belt," regardless of whether the x-ray revealed any suspicious contents. Id. at 1089.
 
 
 22
 We now join the Fourth and Fifth Circuits and hold that a person may impliedly consent to a search on a military base. As the Fourth Circuit noted, the "circumstances[of a military base] combine to puncture any reasonable expectations of privacy for a civilian who enters a closed military base." Jenkins, 986 F.2d at 79. Our holding in Torbet supports our conclusion. A person presenting himself at a military gate is similar to a person presenting himself at a security checkpoint at an airport, and in both situations there may be implied consent for a search.[5]
 
 D
 
 23
 In dismissing Morgan's claim, the district court suggested that probable cause was not needed to search Morgan's car because the search occurred on a closed military base. The district court's reasoning goes too far in allowing a categorical exception to the probable cause rule for all searches on closed military bases. While the district court was correct that probable cause may not be needed in this case, the probable cause requirement is only obviated if the defendant impliedly consented to the search. The bare facts alleged in Morgan's Complaint do not allow a determination of whether he impliedly consented to the search. Therefore, the district court's Rule 12(b)(6) dismissal of Morgan's Bivens claim is reversed, and that claim alone is remanded to the district court for further proceedings on a more complete factual record.
 
 
 24
 AFFIRMED in Part; REVERSED in Part; and REMANDED. Each party shall bear its own costs.
 
 
 
 Notes:
 
 
 [1]
 "Closed" in this context meaning not open to the public, as opposed to "nonoperational."
 
 
 [2]
 Morgan raises several other issues on appeal, including the propriety of the dismissal of his section 1983 claims, and whether fees and costs should have been imposed on his attorney pursuant to Rule 11(c)(1)(A)
 
 
 [3]
 Morgan's Complaint names Air Force personnel Reynolds, De Iulio, Rader, Broughton, Erichsen, and Goodson in regard to this claim. To the extent Morgan's suit is against agents of the United States in their official capacities, his reliance onBivens is misplaced. Morgan can only sue these officers in their individual capacities. See Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir.1996).
 
 
 [4]
 The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, againstunreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV (emphasis added).
 
 
 [5]
 Our decision today was anticipated somewhat by our opinion inUnited States v. Banks, 539 F.2d 14 (9th Cir.1976), in which we noted that authority existed "for the proposition that a civilian is subject to search and arrest by military authorities without probable cause or his consent on a `closed' military base," but declined to address that specific issue. Id. at 16 n. 3.