**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Luther Adrian HALE, aka Jude Johnson, Defendant—Appellant.**

No. 02–10434.

D.C. No. CR–01–00102–HDM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2003.

Decided June 17, 2003.

Before HUG, GIBSON,* and FISHER, Circuit Judges.

MEMORANDUM**

Defendant Luther Adrian Hale appeals his conviction following entry of a condi-

12. *Id.*

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tional guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Hale contends the district court erred in denying his motion to suppress evidence of two firearms found within his possession during a warrantless search of his belongings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand for further proceedings.

The district court held an evidentiary hearing regarding Hale's motion to suppress. Officer David Kuzemchak testified at the hearing regarding the circumstances of Hale's arrest and the subsequent discovery of the firearms. Kuzemchak testified that on March 23, 2001, Hale was walking to his car in a parking lot, when Kuzemchak, who was responding to a citizen complaint, stopped Hale to question him. At that time, Hale provided Kuzemchak with a false name. The stop eventually led to a citizen's arrest for trespassing.

Having reviewed the record, we conclude that Hale consented to the search of his car, and initially to the search of a bag that was in his trunk. Pursuant to that consent, the bag was opened. Once the bag was opened, however, Hale withdrew his consent. At that time, a .38 caliber Derringer appears to have been in plain view. The bag also contained a Makarov 9mm semi-automatic pistol that the government agrees was not in plain view. The circumstances surrounding the discovery of the Makarov are not revealed in the record.

About a week later, Hale's true identity became known and it was discovered that he was a parole violator with a prior felony.

Hale was charged with two counts of unlawful possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g). Count I of the indictment was for possession of a Makarov 9mm semi-automatic pistol and Count II was for possession of a .38 caliber Derringer.

Hale entered a not guilty plea to both charges. He then filed the motion to suppress the evidence seized during the warrantless search of his belongings. The district court denied the motion, finding that pursuant to Hale's consent, the bag was secured and opened, causing the Derringer to be in plain view. Additionally, the district court found that taking custody of the bag containing the firearms was "affected [sic] incident to the arrest." After the motion was denied, Hale entered a conditional guilty plea to Count I, but reserved his right to appeal the denial of his motion to suppress. Count II was dismissed.

Although the district court determined the Derringer in Count II to have been in plain view, no findings were made with respect to the Makarov in Count I, the count to which Hale entered his conditional guilty plea. We need not address whether the district court erred in determining the Derringer to have been in plain view, because Count II was dismissed and because the relevance of that determination to Count I remains unclear. Given that there is no basis in the record for us to determine the validity of the discovery and seizure of the Makarov, we vacate the district court's order denying the motion to suppress and remand for further proceedings, regarding the circumstances and justification of the officers' actions which resulted in the discovery of the firearm. *See United States v. Nikzad,* 739 F.2d 1431 (9th Cir.1984) (remanding to the district court because the record was insufficient to determine whether the defendant freely consented to the search of his luggage); *United States v. Armenta,* 69 F.3d 304 (9th Cir.1995) (remanding in part because the district court never expressly ruled on

the defendant's motion to suppress evidence found in a motor home, or the defendant's standing to object to the search of the motor home).

VACATED and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Sullivan's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.