**Mario R. MORENO, Plaintiff—Appellant,**

v.

**CITY OF SACRAMENTO; et al., Defendants—Appellees.**

No. 02–16889.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided May 19, 2004.

Andrea M. Miller, Esq., Nagley Meredith & Miller, Inc., Sacramento, CA, for Plaintiff–Appellant.

Adrian Randolph, Thomas A. Cregger, Esq., Randolph Cregger & Chalfant, LLP, Sacramento, CA, for Defendants–Appellees.

Before: LEAVY, PAEZ, and BERZON, Circuit Judges.

### MEMORANDUM *

Mario Moreno appeals the summary judgment dismissal of his 42 U.S.C. § 1983 action against the City of Sacramento and various city officials for the demolition of a building he owned and the resulting de-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

struction of personal property inside. We review the district court's grant of summary judgment *de novo,* viewing the facts in the light most favorable to Moreno, the non-moving party. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1106 (2001). To demonstrate § 1983 liability, Moreno must show not only that his constitutional rights were violated, but that those rights were clearly established at the time of the violation. *See Saucier v. Katz,* 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

We affirm the district court's dismissal of Moreno's takings, substantive due process, and unreasonable search claims, but reverse the dismissal of his procedural due process and unreasonable seizure claims. As the parties are familiar with the procedural and historical facts of the case, we recite them only as necessary to explain our decision.

## 1. *Taking of Property*

 Moreno's takings claim is unexhausted. *Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), imposes two requirements that Moreno must satisfy before his takings claim may be heard in federal court. *See also Carson Harbor Village v. City of Carson,* 353 F.3d 824, 826–27 (2004). First, Moreno must show that "the government entity charged with implementing the regulations [that purportedly effected a taking] has reached a final decision regarding the application of the regulations to the property at issue." 473 U.S. at 186, 105 S.Ct. 3108. This final decision requirement is automatically satisfied in cases, such as this one, where there was a physical taking. *See Sinaloa Lake Owners' Assoc. v. City of Simi Valley,* 882 F.2d 1398, 1402 (9th Cir.1989) *overruled on other*

*grounds, Armendariz v. Penman,* 75 F.3d 1311, 1326 (9th Cir.1996) (en banc).

Second, "[i]f a state has an adequate procedure for compensation," Moreno must show that this procedure has been exhausted and that he has been denied compensation. *Williamson County,* 473 U.S. at 195, 105 S.Ct. 3108. Moreno has not sought compensation through state procedures. Amicus Pacific Legal Foundation contends that *Customer Co. v. City of Sacramento,* 10 Cal.4th 368, 41 Cal. Rptr.2d 658, 895 P.2d 900 (1995), precludes Moreno from availing himself of California's inverse condemnation remedy, thereby rendering exhaustion futile. Moreno waived this argument by not raising it in his opening brief. *See Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.,* 306 F.3d 806, 820 n. 8 (9th Cir.2002). Even if he had raised the argument, however, *Customer Co.,* a case precluding compensation for loss incurred incidental to allegedly negligent police conduct, does not necessarily preclude compensation for a city's intentional destruction of an alleged nuisance. As mere uncertainty about the existence of a state remedy does not establish futility, *see Carson Harbor,* 353 F.3d 824, 2004 WL 19825, at *5; *Del Monte Dunes at Monterey, Ltd. v. City of Monterey,* 920 F.2d 1496, 1507 (9th Cir.1990), the takings claim was properly dismissed for failure to exhaust.

The district court erred, however, by ruling that Moreno's non-takings claims are also unripe under *Williamson.* First, *Williamson's exhaustion* requirement applies exclusively to Just Compensation claims *See Sinaloa,* 882 F.2d at 1404. Second, Moreno's procedural due process claim, with regard to which we reverse summary judgment, will turn on, among other things, whether or not Moreno was entitled to process on the morning of the demolition, or whether, instead, he had

waived that process by entering into the Agreement, issues not relevant in an inverse condemnation action. Although it is true that the question whether the building was in fact a nuisance on the day of the demolition *may* arise in both the inverse condemnation action and the procedural due process action, the overlap pertains, at most, to the issue of damages, and is therefore not sufficiently substantial to bar present litigation of the procedural due process action. *See Harris v. County of Riverside*, 904 F.2d 497, 501 (9th Cir.1990) (allowing a procedural due process claim to proceed even though it could be found that a consequence of the lack of notice was an incorrect zoning decision on the part of the County, the subject of the unripe takings claim). We analyze Moreno's substantive due process, procedural due process, and Fourth Amendment claims without regard to *Williamson.*

### 2. Substantive Due Process

■ Under *Armendariz*, Moreno's substantive due process claim cannot go forward. 75 F.3d at 1324 (holding that a substantive due process challenge is unavailable where there is an "explicit textual source of constitutional protection"). Moreno fails to allege any conduct on the part of the City or its officials that is not regulated by the Takings Clause, the procedural component of the Due Process Clause, or the Fourth Amendment.

### 3. Procedural Due Process

■ We reverse the dismissal of Moreno's procedural due process claim. Procedural due process requires that a party affected by government action receive "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Although Moreno was afforded a substantial amount of

process at various times during the two years prior to his building's demolition, the record is open to the interpretation that the City's ultimate decision to demolish relied in part on Building Inspector John Vanella's determination, vehemently contested by Moreno, that on January 31, 2000, the day of the demolition, Moreno's building was still a nuisance. Had Vanella not so determined, the City would have to argue that it was empowered to demolish a building that was perfectly safe on January 31, 2001 simply because the building *was* a nuisance on November 8, 2000, Moreno's deadline for compliance as established by the Agreement between Moreno and the City. The City cannot so contend at this juncture, given the district court's uncontested finding that a factual question exists as to the validity of the Agreement. As Moreno was afforded *no* opportunity to contest Vanella's January 31 fact-based decision to demolish his building, his clearly established entitlement to a meaningful hearing at a meaningful time was violated. Moreno's due process claim therefore survives the City's motion for summary judgment.

### 4. Unreasonable Search

■ We affirm the dismissal of Moreno's unreasonable search claim. A consensual search does not violate the Fourth Amendment. *See, e.g., Morgan v. United States*, 323 F.3d 776, 781 (9th Cir. 2003). Consent may be express or implied. *See id.* In late 2000, Inspector Vanella regularly inspected the building without an administrative warrant and without particularized requests for consent. Moreno understood that the procurement and maintenance of his building permit were contingent upon such inspections, and there is no indication in the record that Moreno ever altered or intended to alter the understanding established over the previous four months that

Vanella was permitted to enter the building to inspect for compliance with the municipal code. Given these circumstances, even when viewing the facts in the light most favorable to Moreno, Inspector Vanella's search of the building on the morning of the demolition was authorized by Moreno's general consent. The unreasonable search claim is therefore without merit.

### 5. Unreasonable Seizure

■ By contrast, there is no indication on the current record that Moreno consented to the seizure of his personal property inside the building. That seizure was outside any consent regarding Vanella's building inspections. Our case law clearly establishes that abatement of a suspected nuisance must be, absent consent, preceded by an administrative warrant. *See Conner v. City of Santa*, 897 F.2d 1487, 1490 (9th Cir.1990) (relying on *Michigan v. Tyler*, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978)). As no warrant issued here, we reverse the district court's dismissal on summary judgment of Moreno's unreasonable seizure claim.

For the foregoing reasons, the district court's dismissal of Moreno's § 1983 claim is affirmed in part, and reversed in part. With regard to Moreno's surviving claims, as our sole decision is to reverse summary judgement, Moreno's entitlement to relief may depend on a number of factual determinations, including, for instance, whether the Agreement was binding, whether it had been waived, and whether its terms should be construed as a waiver of any rights to further process. Each party shall bear its own its own costs on appeal.

---

* Because the Immigration and Naturalization Service ceased to exist on March 1, 2003, Attorney General John Ashcroft has been substituted as respondent. *See* Fed. R.App. P. 43(c)(2).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.