**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Luther Adrian HALE, Defendant—
Appellee.**

No. 04–10004.

D.C. No. CR–01–00102–1–HDM.

United States Court of Appeals,
Ninth Circuit.

Submitted July 16, 2004.*

Decided Aug. 26, 2004.

Anthony L. White, Asst. U.S. Atty., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellant.

Michael K. Powell, Federal Public Defender's Office, Reno, NV, for Defendant–Appellee.

Before HUG, GIBSON,** and FISHER, Circuit Judges.

MEMORANDUM***

Hale was indicted for being a felon in possession of a firearm. The indictment

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

contained two counts. Count I charged that he was in possession of a 9mm Makarov; Count II charged that he was in possession of a Derringer pistol. Hale entered a conditional plea to Count I, reserving the right to contest the denial of his motion to suppress the 9mm Makarov. Count II was dismissed.

This matter was previously before us on Hale's appeal of the denial of the suppression motion. We remanded to the district court for additional fact-finding concerning the seizure of the 9mm Makarov, *United States v. Hale*, No. 02–10434, 68 Fed.Appx. 809. After a hearing and post-hearing briefs, the district court granted the motion to suppress, allowed Hale to withdraw his guilty plea, and set the case for trial. The Government filed this interlocutory appeal of the order to suppress.

### Jurisdiction and Standard of Review

We have jurisdiction over this interlocutory appeal under 18 U.S.C. § 3731. Hale moved to dismiss the appeal for failure to indicate that the appeal was not taken for reasons of delay. We exercise our discretion to deny the motion and allow the interlocutory appeal to proceed. We review the legality of a search de novo. *United States v. Shryock*, 342 F.3d 948, 977 (9th Cir.2003). We review the district court's findings of fact for clear error. *United States v. Terry–Crespo*, 356 F.3d 1170, 1173 (9th Cir.2004).

### The Warrant Requirement

The parties are familiar with the factual and procedural background of this case, so we recount it only as necessary to our discussion. The Fourth Amendment prohibits unreasonable searches and seizures. A warrantless search is presumed unreasonable unless one of a few well delineated

exceptions applies. *Flippo v. West Virginia*, 528 U.S. 11, 13, 120 S.Ct. 7, 145 L.Ed.2d 16 (1999) (per curiam); *Morgan v. United States*, 323 F.3d 776, 781 (9th Cir. 2003). It is undisputed that the police did not have a warrant when they searched Hale's bag.

The district court properly held that the search of the bag was not a search incident to a lawful arrest. A search incident to a lawful arrest must be confined to the area under the suspect's immediate control when he was arrested and events between the time of the arrest and search must not render the search unreasonable. *United States v. Nohara*, 3 F.3d 1239, 1243 (9th Cir.1993). The search of Hale's bag met neither prong. When the officers detained Hale, the bag was locked in the trunk of his parked car. Between the arrest and the search, the officers called for a drug-sniffing dog, kept Hale twelve to fifteen feet away from the bag, and moved the bag at least twice. Courts employ a flexible standard in terms of the time that may pass between the arrest and a valid search, such as "roughly contemporaneous with the arrest." *United States v. McLaughlin*, 170 F.3d 889, 891–92 (9th Cir.1999); *see also United States v. Vasey*, 834 F.2d 782, 787 (9th Cir.1987) (search of suspect's car thirty to forty-five minutes after suspect was arrested, handcuffed and placed in back seat of police cruiser not incident to lawful arrest). The delay and the fact that the bag was indisputably in police control well before the search render this exception inapplicable.

Similarly, the plain feel exception did not justify the lack of a warrant. Under the plain view/plain feel doctrine, the incriminating nature of the seized object must be immediately apparent. Because the police did not know that appellee had no legal right to possess a firearm, the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Makarov's mere presence did not indicate its connection to a crime. *Cf. United States v. Collins,* 61 F.3d 1379, 1384–85 (9th Cir.1995) (holding that probable cause supported warrant to search for firearms where police knew defendant to be a felon and defendant had admitted to possessing firearms).

The Government's attempts to apply other exceptions to the warrant requirement are similarly unavailing. Its arguments for the application of the inevitable discovery doctrine are speculative at best and do not meet the required preponderance of the evidence standard. *See United States v. Reilly,* 224 F.3d 986, 994 (9th Cir.2000). The order of the district court is AFFIRMED.