**Greg Alan MORGAN, Plaintiff—Appellant,**

v.

**UNITED STATES of America; William Cohen, Former Secretary of Defense; United States Air Force; Richard Reynolds, General; Edward Deiulio, Colonel; Neil Rader, Colonel; C. Eric Broughton, Master Sergeant; Kenneth Erichsen, Master Sergeant; Eric Goodson, Airman, Defendants—Appellees.**

Nos. 04–55758, 04–55761.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 31, 2005.*

Decided Feb. 7, 2006.

---

3. See *United States v. Alvarez*, 899 F.2d 833, 838 (9th Cir.1990).

4. *Id.*

5. *Gallegos v. City of Los Angeles*, 308 F.3d 987, 992 (9th Cir.2002).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

See also 323 F.3d 776.

Melbourne B. Weddle, Esq., Santa Barbara, CA, for Plaintiff–Appellant.

Sue A. Howard Law Offices, Lancaster, CA, Sara R. Robinson, AUSA, USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellees.

Before: T.G. NELSON, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM **

This is Morgan's second appeal to this Court. *See Morgan v. United States,* 60 Fed.Appx. 180 (9th Cir.2003); *Morgan v. United States,* 323 F.3d 776 (9th Cir.2003). In the first appeal, we "affirm[ed] the dis-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

trict court in every respect, except with regard to the court's dismissal of the *Bivens* claim." *Morgan,* 60 Fed.Appx. at 181. In a separately filed published opinion, we remanded Morgan's *Bivens* claim in order "to allow the development of a more complete factual record to determine whether implied consent was present here." *Morgan,* 323 F.3d at 778. The parties are familiar with the extensive history of this litigation and therefore we will not recount it again here. We affirm the district court in every respect.

■ The district court did not abuse its discretion by denying Morgan's motion to extend the discovery cut-off and motion date. *See Martel v. County of Los Angeles,* 56 F.3d 993, 995 (9th Cir.1995) ("[A] district court's decision to deny a continuance sought for the purposes of obtaining discovery will be disturbed only 'upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.' ") (*Sablan v. Dep't of Fin.,* 856 F.2d 1317, 1321 (9th Cir.1988)). The district court had already granted Morgan one continuance and given that the *Bivens* action was filed in May 2000, Morgan had more than sufficient time to conduct discovery.

The district court properly dismissed Morgan's claim under the Federal Tort Claims Act (FTCA) (D.C. No. CV–03–02372–RSWL), as well as the non-*Bivens* claim raised in his *Bivens* complaint (D.C. No. CV–00–05221–RSWL), as they were all barred by res judicata. *See Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201 (9th Cir.1982) ("[T]he doctrine of res judicata (or claim preclusion) bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action." (internal quotation marks omitted)). This court may affirm the district court on any ground

supported by the record. *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004).

■ Morgan first attempted to raise his FTCA claim during his first appeal; however, this Court ruled that he had waived that claim because Morgan had failed to properly present it before the district court. *Morgan,* 60 Fed.Appx. at 182 ("This claim was not raised in the Complaint and is presented for the first time on appeal. It is waived and we do not consider it."). Furthermore, the non-*Bivens* claims that Morgan attempted to raise in his *Bivens* complaint were either already litigated, or should have been raised in his original Complaint. Therefore, Morgan is barred from pursuing these claims based on the doctrine of res judicata. *See Costantini,* 681 F.2d at 1202 (ruling that a cause of action raised in a instant lawsuit was barred by res judicata because it was identical to one raised in the prior suit).

As for Morgan's *Bivens* claim, the district court granted the defendants' motion for summary adjudication, ruling that the defendants were entitled to judgment as a matter of law because, (1) the federal officers were protected by qualified immunity; or (2) Morgan impliedly consented to the search by presenting himself at the gate. We review the district court's grant of summary judgment de novo. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). Although the court must draw all reasonable inferences in Morgan's favor, the court need not draw an unreasonable inference or accept conclusory allegations. *See Anheuser–Busch, Inc. v. Natural Beverage Distribs.,* 69 F.3d 337, 345 (9th Cir. 1995) ("Such conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.").

■ After the defendants met their burden of showing a lack of evidence to support's Morgan's claims, the burden then shifted to Morgan to set forth specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rather than respond to the defendants' motion for summary adjudication, Morgan chose to file a Rule 56(f) request seeking a continuance of the summary judgment proceedings.[1]

■ Since Morgan failed to submit any affidavits or declarations to contradict the evidence submitted by the defendants, the district court found the following facts to be uncontroverted: (1) at the time of the incident, Edwards AFB was a closed base; (2) Morgan was transferred to the Base in 1998; (3) Morgan regularly commuted to work; (4) Morgan's route to work was dominated by highway signs indicating "Edwards AFB" and "NASA–DRYDEN Flight Research Center"; (5) the base property line was marked by fences with steel posts and barbed wire; (6) there were signs on the fences that read: "Warning: U.S. Air Force Installation. It is unlawful to enter this area without permission of the Installation Commander. Sec. 21. Internal Security Act of 1950: 50 U.S.C. § 797. While on this installation all personnel and the property under their control are subject to search"; (7) the same sign was posted just before the guard gate where the incident occurred; and (8) since 1993, new FAA employees are routinely informed by an FAA Administrative Officer that they and their vehicles are subject to search at any time when they are present themselves at Edwards AFB or enter or leave the base. Based on the circumstances presented at the time of the incident, the district court did not err in concluding that Morgan had impliedly consented to the search. *See Morgan,* 323 F.3d at 782 ("As the Fourth Circuit noted, the 'circumstances [of a military base] combine to puncture any reasonable expectations of privacy for a civilian who enters a closed military base.' ") (quoting *United States v. Jenkins,* 986 F.2d 76, 79 (4th Cir.1993) (alteration in original)).

**AFFIRMED.**

---

1. Morgan also challenges the district court's denial of his Rule 56(f) request. Again, this incident occurred in 1999 and the *Bivens* action was originally filed in 2000. Morgan had ample opportunity to conduct discovery and his Rule 56(f) motion provided only conclusory and speculative statements. We therefore hold that the district court did not abuse its discretion in denying Morgan's Rule 56(f) motion. *See Jones v. Blanas,* 393 F.3d 918, 918 (9th Cir.2004) (stating that a district court's decision not to permit additional discovery prior to considering a summary judgment motion is reviewed for an abuse of discretion).