**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHARON LOUISE HODGES,

          Plaintiff - Appellant,

  v.

STEVEN WRAY GRIMAUD, an
Executive Officer for the United States
Department of Defense; MELINDA
GRIMAUD,

          Defendants - Appellees.

No. 11-17946

D.C. No. 2:11-cv-01438-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

    Sharon Louise Hodges appeals pro se from the district court's judgment

dismissing her action alleging federal and state law claims in connection with her

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

ex-husband's child support obligations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061, 1065 (9th Cir. 2004). We affirm.

The district court properly dismissed Hodges's abuse of process, libel and slander, and intentional infliction of emotional distress claims because these claims were barred by the applicable statutes of limitations. *See* Ariz. Rev. Stat. §§ 12-541(1), 12-542 (one-year statute of limitations for libel and slander claims; two-year statute of limitations for personal injury claims); *CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C.,* 7 P.3d 979, 982 (Ariz. Ct. App. 2000) (under the discovery rule, a claim does not accrue until the plaintiff knows, or with reasonable diligence should know, the facts underlying the claim).

The district court properly dismissed Hodges's claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because Hodges failed to allege facts indicating that defendants acted under the color of federal law. *See Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003) (in order to state a *Bivens* claim, a plaintiff must allege a violation of her or his constitutional rights by agents acting under the color of federal law); *see also Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1342 (9th Cir. 1997) ("[T]he standard for determining the existence of federal government action can be no

broader than the standard applicable to State action under [42 U.S.C.] § 1983.").

The district court did not abuse its discretion by dismissing Hodges's claim for fraud on the court in connection with 1987 child support proceedings because Hodges failed to allege facts showing that defendants committed a fraud that was aimed at the court. *See Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (setting forth standard of review and explaining that a claim for fraud on the court requires "a fraud that is aimed at the court[,]" and a party's non-disclosure, without more, is insufficient).

Hodges's contention that the district court improperly converted defendants' motion to dismiss to a motion for summary judgment is rejected. Moreover, the court gave Hodges an opportunity to amend her claims, which she declined.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We deny Hodges's request for clarification of the November 15, 2011 order, set forth in her opening brief.

We deny defendants' request for attorney's fees on appeal, set forth in the answering brief, as procedurally improper.

**AFFIRMED.**

11-17946