**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILAUDI KARBOAU,

              Plaintiff - Appellant,

v.

LOWELL CLARK (GEO); et al.,

              Defendants - Appellees.

No. 13-35585

D.C. No. 3:12-cv-05045-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

    Former detainee Milaudi Karboau appeals pro se from the district court's

judgment dismissing his action under *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging claims concerning his

detention at Northwest Detention Center, a federal immigration facility. We have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo a sua sponte dismissal for failure to state a claim, *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008 ) (per curiam), and we affirm.

The district court properly dismissed Karboau's claims against the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), DHS and ICE officials in their official capacity, and two fellow detainees because a *Bivens* claim is not available against federal agencies, federal agents in their official capacity, or private individuals.  *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (no *Bivens* claims against federal agencies); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (no *Bivens* suit against agents in their official capacity); *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003) (*Bivens* claim lies against agents in their individual capacity acting under color of federal law).

The district court properly dismissed Karboau's Eighth Amendment claims against individual employees of the private entity running the federal detention center because Karboau's exclusive remedy for such claims is pursuant to state tort law.  *See Minneci v. Pollard*, 132 S. Ct. 617, 626 (2012) (federal inmate has no *Bivens* claims against private employees working at a privately operated federal prison for denial of medical care or similar conduct that typically falls within the

13-35585

scope of traditional state tort law).  As to Karboau's remaining retaliation, due process, equal protection, and access-to-courts claims against these individuals, Karboau failed to allege facts showing that defendants violated his rights despite opportunities to amend.  *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (conclusory allegations are insufficient to state a claim); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." (citation and internal quotation marks omitted)).

The district court properly dismissed Karboau's claims against individual ICE agents because, despite multiple opportunities to amend and generous extensions of time, Karboau failed to allege facts showing that they violated his constitutional rights.  *See Morgan*, 323 F.3d at 780 (elements of a *Bivens* claim); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (court may sua sponte dismiss for failure to state a claim if plaintiff cannot possibly win relief).

**AFFIRMED.**