Opinion by Judge CALLAHAN; Dissent by Judge BERZON.
ORDER
CALLAHAN, Circuit Judge:
The petition for rehearing is granted, the opinion and dissent filed on February 7, 2011 are withdrawn, and a new opinion and -dissent are filed concurrent with this order.
The grant of the petition for rehearing and the filing of a new opinion and dissent moots the petition for rehearing en banc. The parties may file new petitions for rehearing from the new opinion and dissent pursuant to Federal Rule of Appellate Procedure 40.
*1176 OPINION
Peter Krupa appeals from his conditional guilty plea to receiving material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2). Krupa challenges the district court’s denial of his motion to suppress evidence seized from computers in his custody. On grounds that differ slightly from those proffered by the district court, we affirm the denial of the motion to suppress.
On April 12, 2002, the military police at Edwards Air Force Base received a call from Rhonda Velasco. She was worried because her ten-year-old daughter and five-year-old son, who were living on the base with her ex-husband, Sergeant Velasco, had not arrived at the train station in Lancaster as previously arranged. Accordingly, the military police went to Sgt. Velasco’s home. There they encountered Peter Krupa, a civilian. He indicated that he was taking care of the children while Sgt. Velasco was in the Philippines until April 21, and showed the military police a written note to that effect.
The home was in complete disarray with clothing strewn on the floor and in the hall. Of particular concern were the presence of 13 computer towers and two laptops, some of which were linked together. The military police asked Krupa for consent to take the computers and he initially agreed.
On Tuesday, April 16, 2002, Agent Reynolds (who is trained in, and specializes in investigating computers and digital evidence) was assigned to investigate the seized computers. In his initial search of the computers Reynolds located an image of suspected contraband. Reynolds described the photograph to be of a nude 15-to 17-year-old female with a website label of “www.nude-teens.com.” On Sunday, April 21, 2002, Reynolds was hospitalized for chest pain. The following day, Krupa revoked his consent to the search of the computers.
Reynolds remained hospitalized until April 25, 2002. While in the hospital he sought authority to continue his search of the computers “for any further items of contraband.” The request was based on the photograph and the fact that consent had been revoked. On April 29, 2002, Colonel LaFave, the appointed Primary Search Authority Military Magistrate, signed a search warrant.[1] Reynolds resumed his forensic analysis of the computers, locating adult pornography and 22 images of child pornography.
Sometime thereafter, the matter was transferred to the Federal Bureau of Investigation (“FBI”). Both parties agree that on May 14, 2002, during a non-custodial interview, an FBI Special Agent showed Krupa the suspected child pornographic images recovered from one of the computers and asked him if he recognized the images. Krupa allegedly stated that he “had probably viewed all the images because he recognized that the structure of the filename printed above the computer images to be the same structure he uses to name computer files on his computers.” On the basis of the evidence obtained pursuant to the military search warrant and Krupa’s statement, the FBI sought and procured a federal search warrant from Judge Wanger of the Eastern District of California.[2]
Krupa was indicted for violating 18 U.S.C. § 2252(a)(4) — possession of visual depictions of minors engaging in sexually explicit conduct. Krupa moved to sup *1177 press the evidence seized from his computer. The district judge found that Krupa had standing to challenge the seizure of the computers and had withdrawn his consent. The district court determined that although the single photograph was insufficient to show probable cause, citing United States v. Battershell, 457 F.3d 1048 (9th Cir.2006), the motion to suppress would be denied under the good-faith exception set forth in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
Krupa then pled guilty to receipt of materials depicting sexual exploitation of minors and entered into a plea agreement that reserved his right to appeal the denial of the motion to suppress. He was sentenced to 41 months of incarceration.
We review de novo the district court’s denial of a motion to suppress evidence. United States v. Hill, 459 F.3d 966, 970 (9th Cir.2006). We review for clear error a magistrate’s finding of probable cause to issue a search warrant, and give “great deference” to such findings. Id.; see also United States v. Hay, 231 F.3d 630, 634 n. 4 (9th Cir.2000).
As we noted in Hill, our review starts with the Constitution. We stated:
“[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.” U.S. Const, amend. IV. The Constitution is clear; a magistrate may authorize a search of a location only if officers establish probable cause to believe evidence of a crime may be found there. Probable cause means only a “fair probability,” not certainty, and requires consideration of the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
Hill, 459 F.3d at 970. In Gates, the Supreme Court observed that:
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a “substantial basis for ... concluding]” that probable cause existed. Jones v. United States [362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) ].
In applying this standard, we have reiterated the Supreme Court’s directive that a magistrate’s determination of probable cause should be paid great deference by reviewing courts. See Millender v. County of Los Angeles, 620 F.3d 1016, 1025 (9th Cir.2010)[3]; U.S. v. Kelley, 482 F.3d 1047, 1050 (9th Cir.2007); Battershell, 457 F.3d at 1050.
We have further noted that Gates signaled a change from a technical approach to probable cause to “a return to the ‘totality of the., circumstances’ test and emphasized that probable cause means ‘fair probability, not certainty or even a preponderance of the evidence.’ ” United States v. Gourde, 440 F.3d 1065, 1069 (9th Cir.2006) (en banc). In Kelley, we explained that “[w]hether there is a fair probability depends upon the totality of the circumstances, including reasonable inferences, and is a ‘commonsense, practical question,’ ” for which “[n]either certainty *1178 nor a preponderance of the evidence is required.” 482 F.3d at 1050 (quoting Gates, 462 U.S. at 246, 103 S.Ct. 2317, and Gourde, 440 F.3d at 1069).
The agent’s affidavit presented to Colonel LaFave first set forth the agent’s qualifications to conduct investigations of computers and recover digital evidence, as well as his experience in investigations related to computer crimes and child pornography. The affidavit then stated that base police, responding to a report of child neglect, determined that “there were several computers at the location and that there was no custodial parents at the house only an individual KRUPA who was not affiliated with the military.” The affidavit stated that Krupa “had care and custody of the residence,” which included the 13 computer towers and two laptops. Reynolds’ affidavit stated that during his initial investigation of the computers, before consent was withdrawn, he located “an image of suspected contraband,” specifically a “photograph [that] appeared to be of a nude 15 to 17 year old female with a web site label of www.nude-teens.com.”
Although a close case, we conclude that Colonel LaFave reasonably concluded that there was probable cause to issue a search warrant. Reynolds’ affidavit set forth his qualifications as a trained investigator of computers for computer crimes and child pornography. Accordingly, the Colonel was entitled to give some deference to the agent’s statement that the photograph constituted an “image of suspected contraband,” even though the affidavit’s description of the photograph did not necessarily support the conclusion that the photograph constituted child pornography. Furthermore, the affidavit indicated that the police had responded to “a report of child neglect,” that no custodial parents were at the residence, that Krupa, who was not affiliated with the military, had care and custody of the residence, and that the residence contained 15 computers. In sum, the investigator’s assertion that he had found an “image of suspected contraband” — implicitly referring to child pornography — -in computers seized from a home for which there had been a report of child neglect, and where there was no custodial parent present, created a “fair probability” that contraband or evidence would be found in the computers. See Gates, 462 U.S. at 238,103 S.Ct. 2317.
Our opinion in Battershell does not compel a contrary perspective. There, we held that a single photograph of a young girl between 8 and 10 standing nude in a bath tub is insufficient to establish probable cause. 457 F.3d at 1051. However, we went on to hold that a second picture and the totality of the circumstances did establish probable cause and we affirmed the denial of the motion to suppress. Id. at 1054. In Battershell, other than the two photographs extracted from Battershell’s computer, there was no reason for the authorities to suspect any criminal activity. Similarly, in Hill, but for a computer technician’s discovery of what she believed to be child pornography on the defendant’s computer, 459 F.3d at 968, there was no indication of criminal activity.[4] In con *1179 trast, here the presence of 15 computers under the control of a civilian with no apparent ties to the military in a home on a military base in which children resided and for which the military police had received a report of child neglect, is unquestionably suspicious. In this context, even accepting that the picture, with its tag “www.nude-teens.com,” was not child pornography, we cannot say that Colonel La-Fave could not reasonably conclude that there was “a fair probability that contraband or evidence of a crime” would be found on the computers.
Even if we were to conclude that there was not probable cause to support the warrant, we would affirm the district court on its finding that the warrant fit within the good-faith exception set forth in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We “review de novo the district courts’ application of the good faith reliance exception.” United States v. Crews, 502 F.3d 1130, 1135 (9th Cir.2007). We have generally held that “[i]n borderline cases, preference will be accorded to warrants and to the decision of the magistrate issuing it,” id., and accordingly, give the district court’s findings some deference. See U.S. v. SDI Future Health, Inc., 568 F.3d 684, 706 (9th Cir.2009).
In Crews, we explained that:
For the good faith reliance exception to apply, the officers must have relied on the search warrant in an objectively reasonable manner. United States v. Clark, 31 F.3d 831, 835 (9th Cir.1994). The affidavit “must establish at least a colorable argument for probable cause” for the exception to apply. United States v. Luong, 470 F.3d 898, 903 (9th Cir.2006). Therefore, if there is a color-able argument that the search of Apartment 3 was supported by probable cause, the officer’s reliance on the search warrant was objectively reasonable.
In United States v. Shi, 525 F.3d 709, 731 (9th Cir.2008), we reiterated “[g]ood faith reliance exists if the agents’ affidavit establishes ‘at least a colorable argument for probable cause,’ and the agents relied on the search warrant in an objectively reasonable manner.” (internal citation omitted).
We conclude that the district court reasonably determined that in 2002 — four years prior to our opinion in Battershell— there was a “colorable argument for probable cause” for the issuance of the search warrant based on the circumstances under which the 15 computers were found and the discovery of the suspect photograph by Agent Reynolds in his initial search of the computers. As the district court noted, there is no showing that “Agent Reynolds lied, was untruthful, gave false information, or misled the magistrate in any way,” and the presence of 15 computers, some linked together, was obviously “unusual.” We agree that if the warrant itself lacks probable cause, the Leon good-faith exception applies, and the evidence need not be suppressed.
Finally, although not addressed by the parties, we note that the search took place on a military base and that our case law at least suggests that civilians such as Krupa impliedly consent to searches when they enter a military base. See Morgan v. United States, 323 F.3d 776, 778 (9th Cir.2003) (holding that a warrantless search of a person seeking to enter Edwards Air Force Base may be deemed reasonable based on the implied consent of the person searched).
In sum, giving the appropriate deference to Colonel LaFave’s determination as required by Gates, 462 U.S. 213, 103 S.Ct. 2317, and our own precedent, we conclude that he could have reasonably determined *1180 that there was probable cause to support the issuance of the search warrant. Alternatively, even if we were to determine that there was not probable cause for the warrant, we would affirm the district court’s determination that the warrant fit within the good-faith exception set forth in Leon, 468 U.S. 897, 104 S.Ct. 3405. Accordingly, the district court’s denial of Krupa’s motion to suppress is AFFIRMED.

. Krupa’s appeal does not question the propriety of Colonel LaFave acting as the issuing magistrate.

. Ultimately 52 images and an additional 48 movies of child pornography were located within the computers.

. The Supreme Court has granted cert to review Millender, cert. granted 79 U.S.L.W. 3727 (U.S. June 27, 2011) (No. 10-704).

. The difficulty inherent in determining whether a photograph of a minor is a "lascivious exhibition of the genitals or pubic area” as proscribed by 18 U.S.C. § 2256(2)(A)(v), the issue in Battershell is illustrated by the subsequent opinion in Hill, 459 F.3d 966. In Hill, we determined that a state judge finding of probable cause was “well within his discretion,” even though tire description of the photographs (on which the judge issued the warrant) was not very different from the description of the first photograph in Batter-shell. See Hill, 459 F.3d at 968-69, 972. Moreover, Battershell and Hill were decided well after Colonel LaFave issued the search warrant in this case and thus were not available to guide his decision.