**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTIAN CARDENAS,

Defendant - Appellant.

No. 11-50111

D.C. No. 2:08-cr-01331-ODW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted May 7, 2012
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

Christian Cardenas (Cardenas) appeals his conviction for possession of child

pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  Cardenas contends that

there was no probable cause to support the issuance of a search warrant, that the

affidavit supporting the search warrant contained stale facts, and that the good faith

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

exception did not apply. Additionally, Cardenas seeks a remand to conform the written judgment to the court's oral pronouncement of sentence.

1.        The search warrant affidavit contained information regarding the crime committed, that Cardenas likely committed the crime, and that evidence pertaining to the crime was likely to be found at his residence. Contrary to Cardenas's contention, the affidavit met the "fair probability" standard. *Chism v. Washington State*, 661 F.3d 380, 389 (9th Cir. 2011), *as amended*.

2.        The facts contained in an affidavit must be temporally related to issuance of the search warrant. *See United States v. Lacy*, 119 F.3d 742, 745 (9th Cir. 1997). Whether that information is stale depends largely on the "nature of the criminal activity and property sought." *Id.* (citation omitted). If there is sufficient basis to believe that the evidence to be seized is still on the premises, the information in the affidavit is not stale. *See id.* at 746.

Because it is not unusual for information to remain stored on a computer hard drive for substantial periods of time, the information in the affidavit was not stale. *See United States v. Kennedy*, 643 F.3d 1251, 1253

2

n.2 (9th Cir. 2011) (explaining that images accessed online remain on the end-user's computer even after deleted).

3.  When a search warrant affidavit establishes "at least a colorable argument for probable cause," and law enforcement relied upon the search warrant in "an objectively reasonable manner," good faith reliance exists. *United States v. Krupa*, 658 F.3d 1174, 1179 (9th Cir. 2011) (citations omitted).  Because the search warrant on its face contained specific and detailed information regarding the items to be seized, the location of the items, the name of the person alleged to have committed the crime, and a description of the suspected crime, the district court did not err in its determination that the executing officers relied on the warrant in good faith. *See id.*

4.  If the oral pronouncement of a sentence is unambiguous, the oral pronouncement controls when there is a difference between the oral pronouncement and the written judgment.  *See United States v. Kuo*, 620 F.3d 1158, 1163 (9th Cir. 2010).  During its pronouncement of Cardenas's sentence, the district court stated that automatic updates by software

3

manufacturers were exempt from the condition that Cardenas could not modify his computer software. Because the written judgment did not contain this stated exemption, we remand this case to the district court for the limited purpose of conforming the written judgment to the oral pronouncement of sentence. *See United States v. Goddard*, 537 F.3d 1087, 1093 (9th Cir. 2008).

**AFFIRMED and REMANDED for the district court to conform the written judgment to the oral pronouncement of sentence.**