**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50403 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-04402-DMS-1 |
| v. | |
| DAVID GRUMMER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted July 10, 2012
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BENSON, District
Judge.[**]

David Grummer appeals his jury conviction and sentence for eighteen

counts of receipt of images of minors engaged in sexually explicit conduct in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Dee V. Benson, District Judge for the U.S. District
Court for Utah, sitting by designation.

violation of 18 U.S.C. § 2252(a)(2) and five counts of possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. There was no unreasonable delay in conducting the search of Grummer's lawfully seized computer hard drives. The search warrant and supporting affidavit did not contain a 90-day limitation on completing the search of the hard drives. *Cf. United States v. Krupa*, 658 F.3d 1174, 1188 (9th Cir. 2011) (affidavit in support of search warrant stated that "[t]he amount of time currently required for *this* examination [of digital media] is 120 days plus 10 days for review" (emphasis added)). Because the EPA agents acted diligently, the delay in conducting the search was reasonable under the Fourth Amendment and Federal Rule of Criminal Procedure 41. *See United States v. Dass*, 849 F.2d 414, 415 (9th Cir. 1988).

2. Grummer's argument that the search warrant was overbroad is waived, because it was not raised before the district court. *See United States v. Hay*, 231 F.3d 630, 638 n.7 (9th Cir. 2000).

3. Grummer's argument that the methodology chosen by the EPA forensic examiner was outside the scope of the search warrant is waived, because it was not raised before the district court. *See id.*

4. Grummer's argument that the good faith doctrine does not protect the search is waived, because it was not raised before the district court. *See id.*

5. Grummer's conviction for both receipt and possession of images of minors engaged in sexually explicit conduct was not plain error. "[W]hile the government can indict a defendant for both receipt and possession of sexually explicit material, entering judgment against him is multiplicitous and a double jeopardy violation when it is based on the same conduct." *United States v. Schales*, 546 F.3d 965, 978 (9th Cir. 2008). However, "where separate conduct supports each offense, the Fifth Amendment's Double Jeopardy Clause is not implicated." *United States v. Overton*, 573 F.3d 679, 695 (9th Cir. 2009). No authority prohibits the use of trial testimony to establish that separate conduct supports each offense. Here, the sentencing district judge presided over the trial and heard trial testimony showing that separate conduct supported the receipt and possession counts. Because for sentencing purposes, the district judge could conclude from the trial testimony that the receipt and possession counts were based on separate conduct, any error committed by the district court was not plain. *See United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003).

**AFFIRMED.**

3