**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10623 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00644-PJH-1 |
| v. | |
| ALEX EYE BURSCH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California,
Phyllis J. Hamilton, District Court Judge, Presiding

Argued and Submitted on October 16, 2013
San Francisco, California

Before: THOMAS and MCKEOWN, Circuit Judges, and BENNETT, District
Judge.[**]

Appellant Alex Eye Bursch was convicted, on stipulated facts at a bench

trial, of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B),

and sentenced to 57 months of imprisonment. On this direct appeal, Bursch asserts

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

that the district judge (1) should have granted his motion to suppress the search warrant leading to his arrest for lack of probable cause; (2) should have granted him a hearing, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), on his allegations of intentionally or recklessly false statements in the warrant; and (3) failed to sentence him to either probation or a much lower sentence, because she gave excessive weight to the flawed child pornography sentencing guidelines and insufficient weight to other sentencing factors under 18 U.S.C. § 3553(a). We have jurisdiction over Bursch's appeal of the district court's denial of his motion to suppress and failure to hold a *Franks* hearing pursuant to 28 U.S.C. § 1291 and over Bursch's appeal of his sentence pursuant to 18 U.S.C. § 3742(a). We affirm.

**1.a.** We reject Bursch's challenges to the sufficiency of the warrant. File names and opinions of qualified investigating officers that images downloaded from a suspect's computer are "child pornography," even without a factual description of the images downloaded, may establish probable cause that child pornography will be found. *United States v. Krupa*, 658 F.3d 1174, 1178 (9th Cir. 2011); *United States v. Borowy*, 595 F.3d 1045, 1049 & n.3 (9th Cir. 2010). Bursch's reliance on *United States v. Battershell*, 457 F.3d 1048 (9th Cir. 2006), is unavailing. In *Battershell*, we did not hold that a copy of an image or a factual

2

description of an image is *required* to establish probable cause that child pornography may be found. *Id.* at 1051-52.

Also, unsworn statements that are submitted with and that are, as a matter of common sense and realistic construction, considered part of the affidavit of a search warrant application may be considered as support for a magistrate's probable cause determination. *United States v. Lingenfelter*, 997 F.2d 632, 639 (9th Cir. 1993). When requesting a search warrant, an officer may also rely on hearsay statements and the "collective knowledge" of other officers involved in the investigation in support of probable cause for the warrant. *Dubner v. City and County of San Francisco*, 266 F.3d 959, 966 (9th Cir. 2001); *United States v. Guerrero*, 756 F.2d 1342, 1348-49 (9th Cir. 1984) (per curiam). In *United States v. Luong*, 470 F.3d 898, 902-05 (9th Cir. 2006), on which Bursch relies, we rejected reliance on "an unsworn, unrecorded oral colloquy" between an applicant and an issuing magistrate as the basis for determining whether the applicant acted in "good faith" in relying on the warrant; we said nothing whatsoever about whether a determination of "probable cause" can be based, in part, on a purportedly unsworn narrative or other written statement by another officer expressly incorporated into the warrant application by the requesting officer.

Next, we conclude that "there [wa]s a fair probability that contraband or evidence of a crime w[ould] be found" at Bursch's address, *see Krupa*, 658 F.3d at 1177 (stating the standard for probable cause for a search warrant), notwithstanding the mismatch between the address identified in the narrative statement establishing probable cause and the address identified on the face of the warrant. The misidentification of the address in the narrative statement was a typographical or scrivener's error, while "the warrant describe[d] the place to be searched with sufficient particularity to enable law enforcement officers to locate and identify the premises with reasonable effort," and no "reasonable probability exist[ed] that the officers [would] mistakenly search another premise." *United States v. Brobst*, 558 F.3d 982, 992 (9th Cir. 2009) (internal quotation marks and citations omitted) (stating the test for sufficient "particularity" of a warrant). Here, the address to be searched was correctly identified on the face of the warrant, by address and description, and the officer who executed the warrant knew what address was intended. *See id.*

Even assuming, without deciding, that there was no probable cause to support the warrant, we conclude that the good faith exception to the exclusionary rule applies. *See United States v. Leon*, 468 U.S. 897, 922–23 (1984). Good faith reliance exists where, as here, "the agents' affidavit establishes at least a colorable

4

argument for probable cause, and the agents relied on the search warrant in an objectively reasonable manner." *Krupa*, 658 F.3d at 1179 (internal quotation marks omitted). There was a "colorable" argument "that contraband or evidence of a crime w[ould] be found" at Bursch's address, *see Krupa*, 658 F.3d at 1177, notwithstanding a typographical error in the identification of his address, and it was objectively reasonable, here, for the officers to rely on a warrant approved by a neutral magistrate. *See Messerschmidt v. Millender*, 132 S. Ct. 1235, 1249-50 (2012). Accordingly, we affirm the district court's denial of Bursch's motion to suppress on this alternative basis, as well.

**b.** We also reject Bursch's contention that the district court erred by failing to hold a *Franks* hearing. Bursch has made no "detailed offer of proof" to support his claims that purportedly false or misleading statements were included in the affidavit for the warrant in question. *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008). Rather, he offers only conclusory allegations or bare assertions, which fall short of the showing required for an evidentiary *Franks* hearing. *See United States v. Chavez-Miranda* 306 F.3d 973, 979 (9th Cir. 2002). Furthermore, two of the three statements that Bursch asserts were "false" simply were not false. A third statement, that a different magistrate had previously issued the "same" warrant, may have been technically untrue, but Bursch has not pointed

5

to the merest hint that the statement was deliberately or recklessly made, rather than simply "sloppy," and the statement was not material to the determination of probable case. *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1110 (9th Cir. 2005) (explaining that the offer of proof must be sufficient to demonstrate that the challenged warrant affidavit contained material false or misleading statements).

**2.** We also reject Bursch's challenge to his sentence. Although a district judge may vary from the guidelines based on a policy disagreement with them, there is no obligation for a district court to do so. *United States v. Carper*, 659 F.3d 923, 925 (9th Cir. 2011). Here, the district judge did not give excessive weight to the child pornography sentencing guidelines, rather than other 18 U.S.C. § 3553(a) factors. Rather, the district judge imposed a sentence below the applicable child pornography guidelines range because she found that the low end of the guidelines range, 87 months, was "greater than necessary, to comply with the purposes" of sentencing and, specifically, "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a), (a)(2)(B). Thus, "the district court presented a balanced account of both positive and negative [statutory] factors," as well as the child pornography guidelines, "and provided sufficient explanation for why it denied [Bursch] a [further] reduced sentence." *United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013).

AFFIRMED.