**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10333 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01254-JAS-LCK-1 |
| v. | |
| GARY STEVEN COLLDOCK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted September 16, 2020[**]
San Francisco, California

Before:  WATFORD, FRIEDLAND, and MILLER, Circuit Judges.

Gary Colldock appeals the district court's denial of his motion to suppress evidence obtained following the execution of a search warrant that authorized GPS tracking of his car.  He argues that the warrant was not supported by probable cause.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

"A search warrant is supported by probable cause if the issuing judge finds that, 'given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). When deciding whether to suppress evidence obtained following execution of a warrant, courts assess whether the issuing judge "'had a substantial basis for . . . conclud[ing] that probable cause existed,'" and give "great deference" to the issuing judge's probable cause determination, overturning it only for clear error. *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011) (alterations in original) (quoting *Gates*, 462 U.S. at 238-39).

Generally, "[w]e review a district court's rulings on motions to suppress and the validity of search warrants *de novo*." *Underwood*, 725 F.3d at 1081. The Government here contends, however, that the district court's ruling on the validity of the warrant is "arguably" reviewable only for plain error, because Colldock did not file any objections to the magistrate judge's Report and Recommendation, which the district court adopted. We need not resolve any dispute over the standard of review because Colldock's challenge fails even under *de novo* review.

Here, there was a substantial basis for concluding that probable cause existed—that is, to find a fair probability that, by tracking the location of

2

Colldock's car, law enforcement would find evidence that Colldock had engaged in drug trafficking. As the affidavit in support of the warrant application explained, a federal agent obtained methamphetamine by mail on four separate occasions, between May and August 2015, through orders placed with a vendor identified as "DrWhite" on the dark web marketplace Agora. And the affidavit demonstrated a fair probability that Colldock was the Agora vendor using the name "DrWhite."

Specifically, the affidavit explained that agents inferred from a "verif[ication]" feature on Agora as well as their own intelligence about the way vendors operate on dark web marketplaces that Agora's "DrWhite" was probably the same person who had, approximately two years earlier, used the name "DrWhite" on the dark web marketplace Silk Road to provide a "cash-in-mail service for bitcoin" (similar to a service offered by Agora's "DrWhite"). Agents linked the Silk Road "DrWhite" to Colldock based on messages that Silk Road's "DrWhite" had sent to customers requesting that funds be sent by mail to "Gary C." at Colldock's then-address, as well as messages referencing a financial account number associated with an individual with Colldock's full name, date of birth, and the same address as was on Colldock's car registration. The identification of Colldock as Agora's "DrWhite" was also consistent with the fact that the four packages of methamphetamine that had been ordered from Agora's "DrWhite"

were sent by mail with return addresses near the city in which Colldock lived at that time. This evidence reasonably supports the inference that, by tracking the car that was registered to Colldock and that he had been observed driving near the time of the Agora transactions at issue, officers would uncover evidence of drug trafficking.

Colldock argues that the information linking him to Agora's "DrWhite" was "stale" because of the two-year gap between the messages associated with Silk Road's "DrWhite" and the Agora activity that more immediately preceded the warrant application. We disagree. The affidavit identified sufficient reasons to conclude that the activity by Agora's "DrWhite"—which occurred over the course of a few months preceding the warrant application, with the most recent sale of methamphetamine having occurred less than one month before the warrant application was submitted—could probably be attributed to the same person who had controlled the Silk Road "DrWhite" account approximately two years earlier.

Colldock also contests the affidavit's statement that law enforcement had, before seeking a GPS tracking warrant, "exhausted its investigative techniques." Colldock has failed to show, however, that this statement is material to the assessment of whether there was probable cause to track Colldock's location. To the extent Colldock intends to suggest either that there was an exhaustion requirement distinct from the probable cause requirement, or that he is entitled to

4

relief based on a false statement in the affidavit, we deem any such challenges forfeited for failure to develop these points in Colldock's appellate briefs. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 638 (9th Cir. 2012) (explaining that we ordinarily do not consider issues not "specifically and distinctly" argued in an opening brief (quoting *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992)).[1]

**AFFIRMED.**

---

[1] Because we hold that there was a substantial basis to conclude that the warrant was supported by probable cause, we need not address whether the good-faith exception to the exclusionary rule would apply here. *See United States v. Leon*, 468 U.S. 897, 924-25 (1984) (explaining that courts may "exercise an informed discretion" in selecting the most appropriate ground for decision when the good-faith exception is raised).