**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JONATHAN RUSHING,

  Defendant-Appellant.

No. 20-30020

D.C. No. 2:18-cr-00016-TSZ-4

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted June 10, 2021
Seattle, Washington

Before:  W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

Jonathan Rushing appeals the denial of his pretrial motions to suppress

evidence and his ensuing conviction, after a jury trial, on drug-trafficking and

firearms charges.  We affirm.

1.  At the time Seattle Police Department ("SPD") Officers Cole Nelson and

David Toner approached Rushing outside a bar in Seattle after 11:00 P.M. on

November 8, 2017, they had reasonable suspicion to believe that he was Nicholas

Pines, for whom there was an outstanding arrest warrant.  The officers therefore

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

did not violate Rushing's Fourth Amendment rights in their initial seizure of him.

Nelson and Toner had been told by detectives conducting nearby surveillance that the detectives thought that there was a "50/50" chance that the person they had seen (who turned out to be Rushing) was Pines. The detectives, who had been conducting surveillance of other men (Patrick Tables and Michael Turner) whom they believed to be involved in drug trafficking, saw Rushing arrive in a Lexus sedan and park behind Turner's SUV. The detectives researched the Lexus on their mobile data terminal and learned that it was registered to the fiancée of Pines; that Pines had been arrested in that Lexus by SPD six months earlier; and that there were "several" outstanding warrants for Pines's arrest. Rushing got out of the Lexus and joined Tables and Turner in the SUV for about 25 minutes before returning to the Lexus. Rushing then sat in the front passenger side of the Lexus for about 20 minutes before then heading down the street into a nearby bar.

While researching the Lexus, the detectives also retrieved a booking photo of Pines, which they were then able to compare to Rushing, who was wearing a beanie and a sweatshirt at the time. Both persons were Black men, approximately 5'9", with facial hair,[1] but—as Rushing noted in moving to suppress—Rushing

---

[1] Rushing claims, for the first time on appeal, that he did not have a beard. However, Officer Toner's bodycam footage unmistakably shows that, at the time of his arrest, Rushing had scruffy facial hair on his face and chin, as well as under his chin.

was much heavier at the time (185 lbs.) than the weight listed for Pines in the arrest record from six months earlier (140 lbs.) and he was nine years older. Although they apparently did not see Rushing until they first approached him outside the bar, Officers Nelson and Toner also examined the booking photo of Pines while they were waiting in their patrol car.

We assume *arguendo* that Rushing was subjected to an investigatory *Terry* stop at the time that the officers first approached him outside the bar. *See Terry v. Ohio*, 392 U.S. 1 (1968). Reviewing de novo and taking into account the facts that were known to the detectives who requested that the officers approach Rushing, *see United States v. Ramirez*, 473 F.3d 1026, 1032 & n.3 (9th Cir. 2007), we conclude that the officers had the requisite reasonable, articulable suspicion that Rushing was Pines.

We have held that, when officers have reasonable suspicion to believe that a person is someone "for whom they had an outstanding warrant," it is "permissible to detain him in order to resolve questions about his identity." *United States v. Crapser*, 472 F.3d 1141, 1147 (9th Cir. 2007). The reasonable-suspicion standard is satisfied if, under the "totality of the circumstances," the "detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citations and internal quotation marks omitted). Here, the investigation had revealed that Rushing arrived in a vehicle

owned by Pines's fiancée; that Pines had been arrested in that vehicle six months earlier; and that Rushing and Pines were both Black men, approximately 5'9", with facial hair. To be sure, there were facts that suggested that Rushing might *not* be Pines, such as the difference between what Rushing weighed and what Pines had weighed six months before, and differences in their complexions and ages. But reasonable suspicion "falls considerably short of satisfying a preponderance of the evidence standard," and it "need not rule out the possibility of innocent conduct." *Id*. at 274, 277. Rather, all that is required are reasonable, articulable grounds for suspecting wrongdoing, so as to warrant "'reasonable inquiries' aimed at confirming or dispelling [the officers'] suspicions." *Minnesota v. Dickerson*, 508 U.S. 366, 373 (1993). Considering all of the information known to the officers and the nighttime conditions under which the observations of Rushing had been made, we conclude that the officers reasonably suspected that Rushing was Pines. That justified a brief detention to ascertain Rushing's identity. *Crapser*, 472 F.3d at 1147.

Rushing has not disputed below or on appeal that, if there was a valid *Terry* seizure of him, the officers had reasonable grounds to take protective measures during the *Terry* stop to ensure that Rushing was not armed; that Rushing resisted these measures and fled; that the officers then had probable cause to arrest him for obstructing the officers; and that he was lawfully searched incident to that arrest.

4

The district court therefore properly denied Rushing's motion to suppress the items seized from him in connection with his arrest. And because the undisputed facts established by the multiple video cameras were sufficient to show that the officers acted with the requisite reasonable suspicion, the district court did not abuse its discretion in denying the motion without conducting an evidentiary hearing. *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000).

2. The district court also correctly denied Rushing's motion to suppress evidence that was seized from the Lexus pursuant to a search warrant issued by a state court judge.

a. "We review for clear error a magistrate's finding of probable cause to issue a search warrant, and give 'great deference' to such findings." *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011) (citation omitted). We conclude that the state court judge did not commit clear error in finding probable cause that evidence of unlawful possession of firearms would be found in the Lexus. At the time of his arrest, Rushing had on his person a Glock 42 .380 caliber handgun that was equipped with a "laser sight" and flashlight. As noted earlier, shortly before his arrest, Rushing had been seen in the Lexus, on the passenger side near the glove compartment. Particularly given the unusual nature of the gun's equipment, the state court judge was not clearly wrong in concluding that there was probable cause that other evidence of firearms possession would be in the Lexus from which

5

Rushing had recently exited.  Rushing contends that probable cause was lacking under *United States v. Nora*, 765 F.3d 1049 (9th Cir. 2014), but that case did not involve the sort of distinctively equipped firearm at issue here.  Moreover, our review of the probable-cause issue in that case was de novo and not, as here, only for clear error.  *Id*. at 1058.

b.  Reviewing de novo, *see United States v. Shryock*, 342 F.3d 948, 975 (9th Cir. 2003), we conclude that the district court properly held that Rushing failed to make the "substantial preliminary showing" required to necessitate a hearing, under *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978), to test the veracity of the affidavit that supported the search warrant of the Lexus.

Rushing contends that the affidavit, which was prepared by one of the detectives who observed Rushing before his arrest, contained the following misstatements: (1) it asserted that there was probable cause that the "occupants" of the Lexus were committing unlawful possession of firearms, rather than the "occupant" at the time of the arrest; (2) it overstated the affiant's confidence that, prior to the arrest, he believed Rushing to be Pines; and (3) the affidavit did not accurately recount Pines's criminal history or the fact that he was actually in jail at the time.  But even assuming *arguendo* that the affidavit recklessly or intentionally misrepresented these points, we nonetheless conclude that none of these "allegedly

6

false statement[s] [are] necessary to the finding of probable cause." *Franks*, 438 U.S. at 156.

Viewed in the context of the affidavit as a whole, the asserted errors were not material. The affidavit specifically stated that Rushing was the "*sole* occupant" of the Lexus when he was observed by the detectives, and it also states that Rushing was discovered *not* to be Pines upon his arrest. These statements confirm that the probable cause established by the affidavit was based on the actions of Rushing and not those of Pines. Even if all reference to Pines were excised from the affidavit (or, alternatively, if the affidavit were "corrected and supplemented" in the manner Rushing contends would make it accurate), the affidavit would still "establish[] probable cause" based solely on the actions of Rushing. *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014). The district court therefore properly held that Rushing had failed to make the "substantial preliminary showing" required to warrant a *Franks* hearing. *See* 438 U.S. at 155–56.

3. Reviewing de novo, we conclude that Rushing's drug-trafficking-related convictions are supported by sufficient evidence and that the district court properly denied Rushing's motions under Federal Rule of Criminal Procedure 29. *United States v. Mosley*, 465 F.3d 412, 414–15 (9th Cir. 2006).

At his jury trial, Rushing was convicted of one count of possession of MDMA and crack cocaine in violation of 21 U.S.C. § 841(a)(1); one count of

7

carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Rushing challenges the sufficiency of the evidence only on the first two charges and not on the felon-in-possession charge.

There is sufficient evidence to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This is a "highly deferential standard of review." *United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990). Contrary to what Rushing contends, a rational jury could conclude on this record, beyond a reasonable doubt, that Rushing knowingly possessed the drugs in the Lexus. Given that Rushing was the sole occupant of the Lexus; that he met with two other persons in their vehicle; that he then spent 20 minutes seated in the passenger side of the Lexus, near the glove compartment where the drugs were found; and that he possessed a distinctively equipped firearm, a jury could reasonably conclude that Rushing was aware of, and had control over, the substantial quantity of drugs in the Lexus's glove compartment and that he carried his firearm in connection with that drug possession. *United States v. Bernard*, 48 F.3d 427, 430 (9th Cir. 1995).

**AFFIRMED.**

8