**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10270 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00039-CRB-1 |
| v. | |
| WESLEY STEVEN BOHANNON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted February 13, 2023
Submission vacated February 24, 2023
Resubmitted August 30, 2023
San Francisco, California

Before: MILLER, SANCHEZ, and MENDOZA, Circuit Judges.

Wesley Bohannon appeals his conviction for possession of child

pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"We review the district court's denial of [a] motion to suppress *de novo* and the district court's underlying factual findings for clear error." *United States v. Wilson*, 13 F.4th 961, 967 (9th Cir. 2021). "We review for clear error a magistrate's finding of probable cause to issue a search warrant, and give 'great deference' to such findings." *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011) (quoting *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006)).

1. The district court did not err in denying Bohannon's motion to suppress the evidence acquired as a result of Microsoft's initial report to the National Center for Missing and Exploited Children (NCMEC). Assuming without deciding that Bohannon had a reasonable expectation of privacy in his OneDrive file, we conclude that the private-search exception to the Fourth Amendment's warrant requirement applies. Under the private-search exception, "an antecedent private search excuses the government from obtaining a warrant to repeat [a] search but only when the government search does not exceed the scope of the private one." *Wilson*, 13 F.4th at 968.

In ruling on the motion to suppress, the district court did not expressly make a finding on whether a Microsoft employee viewed the contents of Bohannon's file before the file was sent to NCMEC. We therefore remanded this case "for the limited purpose of allowing the district court to make additional findings and to determine whether a Microsoft employee viewed the contents of Bohannon's

OneDrive file before the file was forwarded to NCMEC." Dkt. No. 44. On remand, the district court found that a Microsoft employee indeed viewed the file. Thus, even assuming that NCMEC qualifies as a government actor, the private-search exception excused it from obtaining a warrant to inspect the contents of Bohannon's file.

The district court's finding was not clearly erroneous. When Microsoft sent its alert to NCMEC, it wrote "Yes" in response to the form question, "Did Reporting ESP view entire contents of uploaded file?" And the government introduced declarations from Sean Davis, Head of Digital Safety Operations at Microsoft, and Alon Brown, Partner Director of Microsoft's Digital Trust and Safety Team, stating that the response on the form indicates that "someone at Microsoft reviewed the image at issue before it was transmitted to NCMEC." Bohannon presented no evidence contradicting those declarations. Instead, he argues that, because neither Davis nor Brown held their respective positions when the file was sent to NCMEC in 2017, their declarations shed no light on what Microsoft's reporting practice was at the relevant time. But even if the declarations speak only to Microsoft's current practice, it is reasonable to infer, based on the plain language of the report, that Microsoft meant the same thing by answering "Yes" in 2017 that it does today. At a minimum, the district court did not clearly err in drawing that common-sense inference. Finally, as the district court noted in

3

denying Bohannon's motion for reconsideration, the government also provided supplemental evidence that two Microsoft employees manually reviewed Bohannon's file and confirmed it contained child pornography.

Nor did the district court abuse its discretion in denying Bohannon's motion for an evidentiary hearing. As the preceding discussion demonstrates, there was no "genuine issue of material fact requiring an evidentiary hearing." *United States v. Henderson*, 241 F.3d 638, 649 (9th Cir. 2000), *as amended* (Mar. 5, 2001).

Bohannon also argues that the private-search exception does not apply because Microsoft did not "freely ma[ke] [the file] available" to NCMEC but instead did so only under legal compulsion. *United States v. Jacobsen*, 466 U.S. 109, 119 (1984). Although Microsoft was obligated to make a report to NCMEC, it was not obligated to search for files or include the file in its report. 18 U.S.C. §§ 2258A(b)(4), (f). The private-search exception therefore applies. *See United States v. Rosenow*, 50 F.4th 715, 730 (9th Cir. 2022) (Insofar as electronic service providers "are free to choose not to search their users' data . . . , when they do search, they do so of their own volition."), *cert. denied*, 143 S. Ct. 786 (2023).

2. The magistrate did not clearly err in finding probable cause to issue the warrant authorizing the search of Bohannon's OneDrive account. *See Krupa*, 658 F.3d at 1177. A search warrant must be supported by probable cause, which requires only a "fair probability" that evidence of a crime will be found in the place

to be searched. *Id.* (quoting *Hill*, 459 F.3d at 970). Bohannon argues that, because the underlying affidavit did not say when Microsoft first detected child pornography in his file, there was no way for the magistrate to know how much time had passed since the file was discovered and thus no way for the magistrate to assess the likelihood that the file still existed in the OneDrive account. But the affidavit stated that the investigating officer had been assigned the report from NCMEC only two days earlier. And the affidavit suggested that the user of the OneDrive account had not been notified of the government's investigation. Given that information, a magistrate could draw a "practical, common-sense" conclusion that there was a fair probability that child pornography would be found in the OneDrive account. *United States v. Gourde*, 440 F.3d 1065, 1066 (9th Cir. 2006) (en banc) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

**AFFIRMED.**