NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10200 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00138-CRB-1 |
| v. | |
| LACARL DOW, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 13, 2023[**]
San Francisco, California

Before: WALLACE, BOGGS,[***] and FORREST, Circuit Judges.

Lacarl Dow appeals from the district court's denial of his motion to suppress

following his conditional plea to conspiracy to commit and interfere with commerce

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

by robbery, 18 U.S.C. § 1951(a), interference with commerce by robbery, 18 U.S.C. § 1951(a), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that the district court did not err in concluding that there was a substantial basis for determining that the warrants issued by the state court were supported by probable cause and that Dow failed to make the necessary showing for a *Franks* hearing, we affirm.

1.     ***Probable Cause.*** While we review the denial of a motion to suppress de novo, the underlying finding of probable cause is reviewed for clear error. *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011). Findings in this context are given "great deference" and will be upheld so long as there was a substantial basis for finding probable cause to search. *Id.* Probable cause itself "is not a high bar." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (citation omitted). It exists so long as "it would be reasonable to seek the evidence in the place indicated in the affidavit" looking to "the totality of the circumstances in a common-sense manner." *United States v. Fisher*, 56 F.4th 673, 683–84 (9th Cir. 2022) (internal quotation marks and citations omitted).

Here, the state court had a substantial basis upon which to conclude that there was probable cause to seek evidence regarding the unsolved series of robberies in

the requested cell phone records (including location) and GPS tracking.[1] The probable cause affidavits provided a link between Dow and Sekou Carson through four calls from Carson to Dow's number on the day Carson committed two robberies. Carson in turn was linked to six unsolved robberies because two robberies he committed that day occurred at the same location as two unsolved robberies from the series of six, all of which followed a similar pattern. And in one of the unsolved robberies, a white 4-door sedan matching the color, make, and model of Dow's vehicle—in which he had previously been apprehended and arrested for possession of stolen property—was used. From this information, the state court had a substantial basis from which to conclude that there was probable cause that evidence regarding the robberies would be found in Dow's cell records and through GPS tracking of Dow's vehicle. *See Blight v. City of Manteca*, 944 F.3d 1061, 1066 (9th Cir. 2019) ("A search warrant affidavit will demonstrate probable cause if, under the totality of the circumstances, it reveals a fair probability that contraband or evidence of a crime

---

[1] Dow challenges "the first warrant, signed November 12, 2015." But there were two distinct warrants signed on that date: one authorizing the collection of Dow's cell phone records and one authorizing GPS tracking of Dow's vehicle. Dow seeks to suppress the fruits of both warrants, but he cites only to the probable cause affidavit for the former and his arguments are directed at a singular "warrant." Because the affidavits are largely (though not entirely) identical and the thrust of Dow's argument is that the warrants were insufficient to establish his involvement in the unsolved robberies rather than the likelihood of finding evidence through the distinct search methods requested, we construe Dow's challenge as being to *both* warrants, as the Government appears to have done in its response.

will be found in a particular place." (internal quotation marks and citation omitted)). Dow's attempt to parse each piece of information discussed in the affidavits does not defeat the conclusion that the totality of the facts presented was sufficient to give rise to probable cause and disregards the state court's ability to draw reasonable inferences from the information presented. *See id.* at 1066–67; *see also United States v. Gourde*, 440 F.3d 1065, 1071 (9th Cir. 2006).

2.      ***Franks Hearing.*** We review the denial of a *Franks* hearing de novo. *United States v. Norris*, 942 F.3d 902, 907 (9th Cir. 2019). To obtain a *Franks* hearing to test the validity of an affidavit underlying a search warrant, "a defendant must make a substantial preliminary showing that: (1) the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant, and (2) the false or misleading statement or omission was material, *i.e.*, necessary to finding probable cause." *Id*. at 909–10 (internal quotation marks and citation omitted). "The key inquiry in resolving a *Franks* motion is whether probable cause remains once any misrepresentations are corrected and any omissions are supplemented." *Id.* at 910.

Assuming, as the district court did, that the misstatements and omissions that Dow identified in the warrant affidavits were made intentionally or recklessly, they were immaterial. Taking into account that (1) Carson's four calls to Dow were relatively short, occurred hours before the robberies, and were among 69 other calls

4

made by Carson prior to the robberies he was arrested for; and (2) the vehicle matching the description of Dow's only *dropped off* the robbery suspect and left a couple of minutes after the robbery suspect fled by on foot,[2] probable cause still existed.[3] *See Norris*, 942 F.3d at 910.

**AFFIRMED.**

---

[2]Dow asserts the surveillance videos show a shadowy person entering the vehicle before it leaves. The video shows someone walking by the vehicle before it leaves. However, as the district court noted, it is entirely unclear whether that person got in the vehicle or not. Had the probable cause affidavit also noted that an unidentified individual walked by the vehicle shortly before it drove away, the probable cause determination would not change.

[3]In his opening brief, Dow argues only that Lieutenant Maguire recklessly or intentionally omitted information about Carson's phone records, the "getaway" vehicle, and surveillance footage. He does not clearly argue that the misstatements regarding whether the sixth robbery in the series shared a similar method were made intentionally or recklessly. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) (arguments not developed in opening briefs are forfeited). Even if Dow did not forfeit this argument and even assuming it was a reckless or intentional misstatement, the fact that only five robberies in the series, rather than six, featured the same (perhaps not particularly unusual) method does not demand a finding that this misstatement was material to the probable cause finding.