NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> EDUARDO BARBOSA LOPEZ, AKA Barbas, <br><br> Defendant-Appellant. | Nos. 22-30148; 22-30149 <br><br> D.C. Nos. 3:19-cr-00436-SI-43; 3:19-cr-00509-SI-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted June 4, 2024[**]
Portland, Oregon

Before: RAWLINSON, SUNG, and SANCHEZ, Circuit Judges.

Eduardo Barbosa Lopez appeals the denial of two motions to suppress

evidence obtained from a phone wiretap and a search of his residence.

Alternatively, he argues that he is entitled to an evidentiary hearing under *Franks*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Delaware*, 438 U.S. 154 (1978). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.     We review de novo whether an affidavit in support of a wiretap amounts to "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c); *United States v. Rodriguez*, 851 F.3d 931, 937 (9th Cir. 2017). If the application meets the statutory requirements, we review for "abuse of discretion the issuing court's finding that the wiretap was necessary under § 2518(3)(c) and its decision to grant the wiretap." *Rodriguez*, 851 F.3d at 937.

Special Agent Clinton Lindsly's 163-page affidavit in support of the wiretap application, with approximately fifty-one pages devoted to necessity, meets the statutory requirement of a full and complete statement. The affidavit lists specific goals including the identification of sources of supply, methods of moving drugs, and membership of the Monroy drug trafficking organization (DTO). *Cf. United States v. Blackmon*, 273 F.3d 1204, 1210 (9th Cir. 2001) (rejecting affidavit that only included a "very generalized investigative purpose" to "identify all the participants [in the drug trafficking scheme] and to result in the successful prosecution of these individuals[.]"). The affidavit does not rely on boilerplate conclusions and includes "specific facts relevant to the particular circumstances"

2

of investigating the Monroy DTO.  *Id.*  Even if an independent assessment of traditional techniques was required to demonstrate necessity, a proposition for which Barbosa Lopez cites no precedent, simply because the "traditional methods had unearthed some preliminary information" does not negate that the wiretap would allow the investigation to continue successfully.  *United States v. Canales Gomez*, 358 F.3d 1221, 1224-25 (9th Cir. 2004).  Accordingly, the affidavit supporting the wiretap application contains a "full and complete statement" of necessity as required under § 2518(1)(c).[1]

The issuing court did not abuse its discretion in finding that the wiretap was necessary.  "[W]e use a common sense approach to evaluate the reasonableness of the government's good faith efforts to use traditional investigative tactics or its decision to forego such tactics based on the unlikelihood of their success." *Rodriguez*, 851 F.3d at 944 (internal quotation marks omitted).  Investigators here used traditional techniques for approximately two years before seeking wiretaps and continued to deploy traditional techniques in conjunction with the wiretaps to gather evidence about the sprawling conspiracy.  *See United States v. Rivera*, 527 F.3d 891, 902-04 (9th Cir. 2008).  Under our deferential review of an issuing

---

[1] Barbosa Lopez argues that the earlier wiretaps failed to establish necessity because the statements regarding the use of financial data were boilerplate.  To the contrary, each new affidavit explained additional steps investigators had taken regarding financial information, and why the information alone would not provide sufficient evidence of money laundering.

court's necessity determination, *see United States v. Reed*, 575 F.3d 900, 909 (9th Cir. 2009), we find no abuse of discretion here.

2.  Although we review a motion to suppress de novo, *United States v. Dixon*, 984 F.3d 814, 818 (9th Cir. 2020), the issuance of a search warrant by a magistrate judge is reviewed for clear error, *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011). We give deference to the magistrate judge's determination of probable cause. *United States v. Garay*, 938 F.3d 1108, 1114 (9th Cir. 2019). The affidavit in support of the search warrant established a "fair probability" that Barbas, later determined to be defendant Barbosa Lopez, was involved in drug trafficking, that he lived at the subject premises, and that DTO members went to the house to retrieve drugs. *Illinois v. Gates,* 462 U.S. 213, 238 (1983); *see United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir. 1991) ("We require only a reasonable nexus between the activities supporting probable cause and the locations to be searched."); *see also United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993) ("In the Ninth Circuit, we have recognized that [i]n the case of drug dealers, evidence is likely to be found where the dealers live.") (internal quotation marks omitted).[2]

---

[2] Because we find probable cause for the search warrant, we do not reach the government's good faith argument.

3.      We review the district court's refusal to conduct a *Franks* hearing de novo, and the underlying factual finding that the government did not intentionally or recklessly make false statements, for clear error. *United States v. Shryock*, 342 F.3d 948, 975 (9th Cir. 2003). "To prevail on a *Franks* challenge, the defendant must establish two things by a preponderance of the evidence: first, that the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant, and second, that the false or misleading statement or omission was material[.]" *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (cleaned up). The district court did not clearly err in finding that Agent Lindsly did not intentionally or recklessly make materially false statements in either affidavit. Relying on his experience, Agent Lindsly adequately explained the limitations of traditional investigative techniques, the necessity of the wiretap after several years of investigation, Barbas's role in the DTO, and the meaning of code names used by DTO members. *See Franks*, 438 U.S at 171 ("Allegations of negligence or innocent mistake are insufficient."); *see also United States v. Meek*, 366 F.3d 705, 716 (9th Cir. 2004) ("This inquiry begins with a presumption that an affidavit in support of a search warrant is valid."). Accordingly, the district court properly found that no *Franks* hearing was required.

**AFFIRMED.**

5